[No. 9552. Department Two. May 29, 1911.]

## O. J. C. DUTTON, *Respondent*, v. JOSEPH R. CHRISTIE *et al.*, *Appellants*.[1]

LANDLORD AND TENANT—LEASE — CONSTRUCTION—"PENALTY." A sum equal to two months' rent, paid in advance and declared by a lease to be in consideration of the execution of the lease, which provided that such payment should be credited on the last two months' rent, otherwise to belong to the lessor, is not a penalty, and cannot be offset by the lessor against rent due, upon abandonment of the premises while in arrears.

Appeal from a judgment of the superior court for King county, Albertson, J., entered January 19, 1911, upon find-

[1]Reported in 115 Pac. 856.

ings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*John T. Mulligan* (*Edward Judd*, of counsel), for appellants.

*Shepard & Flett*, for respondent.

ELLIS, J.—The facts in this case are not in dispute. On August 1, 1909, the respondent let to the appellants certain premises in the city of Seattle for a period of five years, under a written lease by which it was provided that the rental of the premises should be $750 every month in advance. It was stated in the first paragraph of the lease that it was made "in consideration of the covenants of the second parties (the appellants) hereinafter set forth, and of the sum of one thousand five hundred dollars ($1,500) now paid to the first parties by the second parties the receipt of which is hereby acknowledged." In a subsequent paragraph it was stated that "the above payment of one thousand five hundred dollars now made shall, in the event of the full and faithful performance of this contract by the second parties, be credited in payment of rent for the last two months of said term; but otherwise said payment this day made shall belong to the first parties as a part of the consideration to them for the execution of this lease." The lease contained a further provision as follows: "The second parties will also pay the water rent, steam heat, hot water and light bills, and all running expenses upon said premises." The appellants took possession of the premises under the lease, and regularly paid their rent until the month of June, 1910. During that month they paid only $450, leaving a balance due for that month of $300. By the terms of the lease, another $750 for a month's rent became due July 1, 1910, and these amounts have never been paid. On July 11, 1910, the appellants moved out of the premises, and the respondent thereafter, to prevent injury to or destruction of the building, took possession. The ap-

pellants also failed to pay certain water rents amounting to $10.90, which the respondent was compelled to pay.

The foregoing facts appear in the findings of fact made by the trial court, and there is in the record a stipulation that, for the purposes of this appeal, the findings are true. The respondent brought this action to recover the unpaid rent and the water rate which he had paid. A judgment was rendered against the appellants for $1,060.90 and interest. The appellants claim that the judgment should have been in their favor for $439.10, being the difference between the advance payment of $1,500 and $1,060.90, the amount of the unpaid rent and water rate. The appellants earnestly insist that this $1,500, which was paid in advance, was intended as a deposit in the nature of a penalty for any failure on their part to carry out the terms of the lease; that the suit was in its essence an action for damages for breach of the contract of lease; that to allow the respondents to retain this money and at the same time have their judgment for damages would be to enforce a forfeiture or penalty; that the law abhors forfeitures and penalties; that the amount paid in advance was their money, and that the appellants therefore had the right to have it applied upon any damages recovered in the suit, and that the remainder should be returned to them. We cannot agree with this contention without in effect writing a new contract for the parties.

In the beginning of the lease the parties have declared that the lease is given in consideration of the covenants of the second parties and of the payment of $1,500. The lease was certainly a legally sufficient consideration for the payment. If there had been no further mention of this money, there could be no question of the respondent's ownership of it. Does the added stipulation that this payment shall, in the event of full performance of the contract by the second parties, "be credited in payment of the rent for the last two months of said term; but otherwise said payment this day made shall belong to the first parties as a part of the

consideration to them for the execution of this lease," change the nature of this payment from consideration to penalty? We think not. It is declared to be a part of the consideration in the beginning, and this clause reiterates the same thing. In both instances the ownership of the respondent therein is affirmed. This is not changed by his agreement to apply this sum in payment of the rent for the last two months of the term in the event of the appellants fully performing their contract. It was only by that performance that they could assert any claim upon this money. They must earn it. A penalty as defined in Bouvier's Law Dictionary, quoted by appellants, is as follows: "*Penalty.* A clause in an agreement by which the obligor agrees to pay a certain sum of money if he shall fail to fulfill the contract contained in another clause of the same agreement." It is obvious that the payment here in question does not come within this definition. It is the very antithesis of a penalty so defined. The fact that the respondent was willing to forego $1,500 of the consideration of the lease in order to encourage the faithful performance of their covenants by the appellants is no good reason, either in law or in morals, for penalizing him in that amount for their failure to perform. The money was not deposited as a security. There was merely a stipulation that it should be applied in payment of rent upon a condition which has never been performed; upon a contingency which has never arisen, and now cannot arise by reason of the appellants' voluntary abandonment of the leased premises. This case is thus clearly distinguished from the New York cases mainly relied upon by the appellants. *Chaude v. Shepard*, 122 N. Y. 397, 25 N. E. 358, and *Caesar v. Rubinson*, 174 N. Y. 492, 67 N. E. 58. In each of those cases the tenant was required by the terms of the lease to deposit a specified sum "as security for the faithful performance" of his covenants in the lease. In the first of these cases the lease expressly specified that the deposit should be "forfeited" in case of nonperformance by the lessee. In the other

the lease provided that the deposit should be retained by the lessor as "liquidated damages" in case of a breach. There is a manifest difference between a deposit for security and a stipulation for reduction of consideration upon a contingency.

When the appellants paid this money as a consideration for the lease, the title to it passed to the respondent. Their breach of the lease cannot divest his title.

The judgment is affirmed.

PARKER, CHADWICK, CROW, and MORRIS, JJ., concur.