[Civ. No. 1906.   Second Appellate District.—September 4, 1917.]

HANNAH REZ et al., Appellants, v. EMMA A. SUMMERS, Respondent.

LANDLORD AND TENANT—DEFAULT OF LESSEE—TERMINATION OF LEASE BY LESSOR—RECOVERY OF DEPOSIT TO SECURE RENT.—In an action by a lessee to recover the amount deposited by her at the time of the execution of the lease to cover the last two months of the term, after she had made default in the payment of rent and vacated the demised premises upon demand of the lessor, the latter, upon proper pleadings and proof, has the right to recover such damages as she may have suffered by reason of the lessee's breach of the contract.

ID.—RETAINING OF DEPOSIT AS LIQUIDATED DAMAGES—PLEADING—FINDING.—In such action, where the lessor claims the right to retain such deposit as liquidated damages, it is essential that she allege facts showing the impracticability or extreme difficulty of fixing the actual damage, and where such allegation is not made, a finding to that effect is outside of the issues.

ID.—RECOVERY OF DEPOSIT—RIGHT OF LESSEE.—Where money has been deposited by the lessee with the lessor to secure the payment of the rent, the tenant can recover from the landlord the excess of the amount of the deposit above the damage suffered by reason of the tenant's default, where the landlord has recovered possession by reason of such default, it being in such case presumed, in the absence of evidence to the contrary, that by reason of his recovery of possession, the landlord does not suffer on account of the nonpayment of installments of rent falling due after such recovery.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Edward Dietrich, for Appellants.

Jones & Weller, for Respondent.

CONREY, P. J.—Appeal from the judgment.

The plaintiff Hannah Rez obtained from the defendant a written lease of certain real property, for a term of three and one-half years beginning on the twenty-fourth day of September, 1914.   The lessee was to pay an annual rental of four thousand eight hundred dollars, payable in installments of four hundred dollars per month in advance.   It was

agreed that ''if the lessee shall fail to pay the rent reserved herein promptly as the respective installments thereof become due and payable, . . . the lessor herein shall have the right to terminate this lease and to re-enter upon the demised premises and remove all persons and property therefrom, in which event said lease shall be canceled and the said lessor shall be entitled to retain all moneys paid by the lessee herein to her hereunder.'' It was also agreed that ''In case of a fire, or earthquake, and if it is made impossible to restore the building within sixty days to its former condition, then the security of eight hundred dollars is to be returned to the lessee by the lessor.'' On the said twenty-fourth day of September, 1914, the lessor executed and delivered to the lessee a receipt for the sum of eight hundred dollars, as being in full payment for the rent of said premises for the last two months of the term mentioned in said lease.

On the twenty-fourth day of September, 1914, the lessee paid to the lessor, besides said payment or deposit of eight hundred dollars, the sum of four hundred dollars due that day. The only other payment made was the sum of $250 paid on account of the installment due October 24th. On the first day of December, 1914, the lessor served upon the lessee a notice to pay the sum of $550 rent then delinquent, or to vacate the leased premises within three days. Pursuant to that notice, the lessee vacated the premises on the third day of that month.

This action is prosecuted to recover the sum of $650 (besides interest), which the lessee claims should be returned to her out of the eight hundred dollars received by the lessor as above stated. If the plaintiffs are entitled to recover at all, the true balance will be a matter of computation, with which we need not concern ourselves at present. Judgment was entered in favor of the defendant, and from that judgment the plaintiffs appeal. We have stated the facts as they appear by the findings of fact. It is stipulated that no oral evidence was submitted by either party in the superior court.

In its last so-called finding of facts in the case, the lower court said: ''From the nature of the case, it would be impracticable, or extremely difficult to fix the actual damage caused to the defendant by reason of the breach of said lease by the said plaintiff.'' This finding was based solely upon a supposed presumption arising, as the court said, ''from

the nature of the case." But there is no such presumption. "When a tenant fails to pay rent as provided in the lease, the amount of damage is not extremely difficult to fix, and it certainly is not impracticable to fix the amount of such damage." (*Jack* v. *Sinsheimer*, 125 Cal. 563, [58 Pac. 130].) Although the defendant Summers claims that the contract was one providing for liquidated damages, her answer did not set forth any facts showing that the case is one in which an agreement for liquidated damages may be enforced. The finding last above noted was outside the issues of fact as presented for the court's determination. In *Long Beach City School District* v. *Dodge*, 135 Cal. 401, [67 Pac. 499], the supreme court quoted Civil Code, sections 1670 and 1671, which relate to the matter of agreements determining in advance the compensation to be made in the event of a future breach of a contract obligation, and commented thereon as follows: "The first of these sections having declared all contracts fixing liquidated damages in advance to be void, except as provided in the next section, it is clearly incumbent upon the party seeking to recover upon such agreement to show by averment and proof that his case is within the exception, for without an allegation bringing his case within the exception the complaint in that regard is insufficient, the presumption being, in the absence of such allegation, that such agreement is void."

In the case at bar, as now before us, the agreement of the parties concerning the eight hundred dollars received by the lessor from the lessee must be ascertained by the terms of the receipt given, read together with the terms of the agreement, which were a part of the lease and which we have quoted. From these sources it appears that the sum of eight hundred dollars was received by the lessor as being in full payment for the rent for the last two months of the term. But the payment was not absolute and unconditional, since it was also agreed that in certain contingencies this money would be returned to the lessee, and in that part of the contract the eight hundred dollars was referred to as "security."

The lessee having become delinquent by nonpayment of installments of rent which were due, the lessor elected to demand that the lessee pay those installments or vacate the premises. In response to that demand the lessee did vacate the premises. Thereby the lease was terminated, and no fur-

ther rent can accrue thereunder; but the lessor, upon proper pleadings and proof, has the right to recover such damages as she may have suffered by reason of the lessee's breach of the contract.

In Tiffany on Landlord and Tenant, section 323, several cases are cited, declaring the rule to be that where money has been deposited by the lessee with the lessor to secure the payment of the rent, the tenant can recover from the landlord the excess of the amount of the deposit above the damage suffered by reason of the tenant's default, when the landlord has recovered possession by reason of such default, "it being in such case presumed, it seems, in the absence of evidence to the contrary, that by reason of his recovery of possession the landlord does not suffer on account of the nonpayment of installments of rent falling due after such recovery." The rule so stated seems reasonable, and is here adopted.

The judgment is reversed.

James, J., and Shaw, J., concurred.