[S. F. No. 7301.   Department One.—October 9, 1917.]

# L. M. GREEN, Respondent, v. HENRY FRAHM, Appellant.

LEASE—DEPOSIT OF MONEY AS SECURITY — LIQUIDATED DAMAGES—VOID PROVISION FOR FORFEITURE OF DEPOSIT ON DEFAULT.—Where a lessee deposited three thousand dollars with the lessor as security for performance of the lease, a provision that the deposit should be forfeited on default of the lessor in payment of rent or performance of any of the covenants was void under Civil Code, sections 1670 and 1671, as an attempt to determine in advance the amount of damage to be paid for the breach of an obligation, where it would be neither impracticable nor difficult to fix the actual damage.

ID.—AGREEMENT FOR DEPOSIT OF MONEY AS SECURITY VALID.—The agreement for the deposit of the money as a guarantee for the payment of rent and performance of covenants was for a legal purpose, and valid and enforceable.

ID.—RIGHT OF LESSOR ON DEFAULT OF LESSEE. — In such a case the lessor on default in payment of rent had the right to retain the money deposited and apply it on the rent until exhausted.

ID.—LESSEE'S RIGHT TO SECURITY TERMINATED—WAIVER BY CONDUCT.— Where the lessee in such a case failed to pay rent and the lessor obtained a judgment for rent due and also for restitution of the premises and cancellation of the lease, and afterward defended a suit for the recovery of the deposit on the ground that the whole sum had become forfeited and was his own property, and did not ask that he be allowed to retain the amount which would have satisfied his judgment for rent (five hundred dollars), he was bound by his own judgment terminating the lease, and his conduct in the defense of the action for the deposit was a repudiation of the security and a waiver of his right to retain the deposit as security for rent subsequently accruing, and he therefore held the fund as bailee for the lessee, whose assignee was entitled to recover it.

ID.—CONTRACTS—ILLEGALITY.—Where one of the defenses to an action by the assignee of the lessee to recover such a deposit was that although the lease provided that the building was to be used as a lodging-house, it was in reality intended by the lessee, with the knowledge and consent of the lessor, to use it as a house of prostitution, but the court found that although this was the original intent, the premises never were so used and the intention was abandoned by the lessee and never consummated, the asserted illegality was in the lease and not in the right growing out of its premature termination by the judgment (for cancellation and restitution), and the doctrine that one cannot recover upon a contract against public policy does not apply.

ID.—ILLEGALITY OF CONTRACT — WHEN NOT A BAR TO A RECOVERY.—
Where an illegal purpose of a contract has never been accomplished
but has been abandoned, the illegal contract has never been exe-
cuted, and there may be a recovery, provided such recovery does
not of itself accomplish the illegal purpose, or require a resort to
the illegal part of the contract for its support.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Franklin A. Griffin, Judge.

The facts are stated in the opinion of the court.

Joseph E. O'Donnell, Costello & Costello, and E. R. Hoerchner, for Appellant.

Jas. P. Sweeney, Jos. P. Lucey, and Frank J. Fouts, for Respondent.

SHAW, J.—The defendant appeals from a judgment in favor of the plaintiff, as assignee of Myer Cohn, and from an order denying defendant's motion for a new trial.

The plaintiff sued to recover of the defendant the sum of three thousand dollars, alleged to be due from the defendant to the plaintiff, upon the following facts:

On May 24, 1911, Frahm and Cohn executed an agreement whereby Frahm leased to Cohn for the term of ten years, beginning July 1, 1911, certain premises in San Francisco, and agreed to erect thereon for the use of Cohn a building according to the plans agreed upon between the parties, within ninety days thereafter. If the building was not ready for occupancy until after that time, Cohn was to be released from the payment of the rent accruing prior to its comple-tion. The rent for the first year was five hundred dollars a month, payable monthly in advance, and for subsequent years it was a larger sum. The controversy arises over the follow-ing clause in the lease. In copying it we substitute the name of the party for the phrases "party of the first part," and "party of the second part," where they occur.

"Cohn hereby deposits with Frahm the sum of three thou-sand dollars, receipt whereof is hereby acknowledged, said sum of three thousand dollars to be retained by Frahm as a guarantee that Cohn will pay the rent as herein provided, and in the manner herein specified, and will keep and per-

form each and every covenant herein contained to be per-
formed by Cohn, and in the event of the failure of Cohn to
pay the rent or to keep or perform any of the covenants
herein contained to be performed by Cohn, then and in that
event the said sum of three thousand dollars shall become
forfeited unto Frahm.

"On the other hand, should Cohn pay the rent herein re-
served, then and in that event the said sum of three thousand
dollars shall be returned to Cohn at the end of the term
hereinbefore created, or at any sooner determination thereof.
Frahm agrees to pay Cohn four per cent interest on the sum
of three thousand dollars, to be paid annually."

Another clause provided that in case of any termination
of the lease through no fault or neglect of Cohn, then the
three thousand dollars reserved should be repaid to him with
interest.

The building was not finished until December, 1911.
Thereupon possession was delivered to Cohn and he paid one
month's rent upon the lease, which was accepted as payment
of rent up to the first day of February, 1912. Cohn refused
to pay rent for the following month. Frahm instituted pro-
ceedings in unlawful detainer against him, wherein, on March
1, 1912, judgment was given in his favor for the restitution
of the premises, for five hundred dollars rent, and for the
cancellation of the lease. In pursuance of said judgment,
Frahm was immediately put in possession of the property.
Cohn thereupon assigned his claim to the plaintiff herein,
who began this action against Frahm to recover the three
thousand dollars, which, in pursuance of the terms of said
lease, had been deposited by Cohn with Frahm at the time of
the execution thereof.

The defendant in his answer denied the assignment of the
claim from Cohn to Green, and the indebtedness alleged. For
an affirmative defense he averred that although the lease pro-
vided that the building was to be used solely for a lodging-
house, in reality it was intended to be used by Cohn as a
house of prostitution, and that this intent was known to and
consented to by Frahm.

The court found in favor of the plaintiff, and particularly,
that while the building to be erected by Frahm for the use of
Cohn was ostensibly to be used as a lodging-house, in reality
it was intended to be used by Cohn as a house of prostitu-

tion "with the knowledge and consent of the defendant," but that in fact the said premises never were used for that purpose, or for any immoral or illegal purpose, and that the intention to use the same in that manner was abandoned by Cohn and was never consummated.

1. The contention that the evidence does not support the finding that the demand of Cohn against Frahm was assigned to Green before the beginning of the action is without merit. The assignment itself was introduced in evidence, and its execution proven.

2. The first paragraph of the above-quoted provisions of the lease naturally divides itself into two parts: One, a provision that the three thousand dollars deposit with Frahm was to be a guarantee for the performance by Cohn of the covenants of the lease, including the payment of rents; the other, that in the event of the failure of Cohn to perform any of said covenants, the said money should become forfeited to Frahm. The provision for a forfeiture upon the failure of Cohn to pay the rent was either a penalty, or a provision that the three thousand dollars should be liquidated damages for the breach of the covenants. In either aspect, the provision was void. Whether as liquidated damages or as a penalty, it comes within the terms of section 1670 of the Civil Code, that is, it is an attempt to fix by contract "the amount of damage to be paid, *or other compensation to be made,* for a breach of an obligation," in anticipation thereof, and by that section it is declared to be void, unless the case is of such a nature that "it would be impracticable or extremely difficult to fix the actual damage," as provided in section 1671 of the Civil Code. (*Jack* v. *Sinsheimer,* 125 Cal. 563, [58 Pac. 130].) Calling it a penalty instead of liquidated damages does not change its nature. The case cited also declares that the fixing of damages for breach of an obligation to pay rent is not impracticable or extremely difficult. There was no evidence in the case showing any peculiar circumstance which would make such damages more difficult to fix in this case than in the ordinary case. Such difficulty is not to be presumed. (*Long Beach* v. *Dodge,* 135 Cal. 404, [67 Pac. 499].) This part of the clause must therefore be treated as a void provision, and disregarded entirely.

The other part of the clause, providing for the deposit of three thousand dollars as a guarantee for the payment of

rent, was for a legal purpose and was in all respects valid and enforceable. In virtue of that clause, Frahm had the legal right, in case of the failure of Cohn to pay rent, to retain the three thousand dollars and apply it on the rent until the same was exhausted. He did not choose to do this, but, on the contrary, he immediately began proceedings for the restitution of the premises, and the recovery of the rent due, and succeeded in obtaining judgment for both, and also for the cancellation of the lease. He is, of course, bound by his own judgment, and therefore the lease must be considered as having been terminated on March 1, 1912. The complaint alleged that Frahm refused to return any portion of the three thousand dollars to Cohn, or to apply any portion thereof to the rent due. The answer admits this to be true, and alleges that by the terms of the contract it was to be retained by Frahm as a guarantee for the payment of the rent, as it became due. Frahm did not ask that he be allowed to retain five hundred dollars of the money in satisfaction of his judgment for rent. He defended on the ground that the whole sum had become absolutely forfeited to his use and was his own property, by reason of the failure of Cohn to pay the rent, and notwithstanding the early termination of the lease at his own request. Under these circumstances, the conduct of Frahm must be deemed to be a repudiation of the security and a waiver of the right to retain the three thousand dollars as security for the payment of rent subsequently accruing, and of his right to apply any portion thereof to the rent due. The fund deposited is therefore to be considered as money held by Frahm, as bailee, for the use of Cohn, and due demand having been made for its return, the plaintiff was entitled to recover it.

3. The defense sought to be made on the ground of illegality was not established.

In the first place, the plaintiff is not suing on any contract embodied in the lease. His right of action arises from the termination of the lease, whereby the purpose for which his money was deposited was defeated and he has become entitled to its return. Frahm, being only a bailee, held the fund in trust for Cohn for the purposes stated in the lease, and when the trust ceased, the title and right to the money reverted to the original owner, Cohn. The asserted illegality was in the lease, not in the rights growing out of its premature termina-

tion by the judgment. The doctrine that one cannot recover upon a contract that is against public policy does not apply.

In the second place, the alleged illegal purpose was never accomplished, but was abandoned, and the contract therefor, assuming that there was one, was never executed. In such cases there may be a recovery on the contract, provided such recovery does not, of itself, accomplish the illegal purpose, or require a resort to the illegal part of the contract for its support. (*De Leonis* v. *Walsh*, 140 Cal. 182, [73 Pac. 813]; *Wassermann* v. *Sloss*, 117 Cal. 431, [59 Am. St. Rep. 209, 38 L. R. A. 176, 49 Pac. 566]; *Johnston* v. *Russell*, 37 Cal. 670; *Teachout* v. *Bogy*, 175 Cal. 481, [166 Pac. 319, 321, 322].) We are not to be understood as holding that there was any contract to use the leased property for immoral purposes. The lease expresses no such contract, and all the court finds is that Cohn intended to so use it, and that said intent was "with the knowledge and consent of the defendant." But as the intent was abandoned before its execution was begun, we need not discuss the question further.

The judgment and order are affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.