[Civ. No. 2957.   First Appellate District, Division One.—September 2, 1919.]

FANNIE SLATER CURTIS, Appellant, v. ELLA H. ARNOLD, Respondent.

[1] LANDLORD AND TENANT—DEPOSIT OF SECURITY—TERMINATION OF LEASE—RIGHT TO RETURN OF DEPOSIT.—Where money is deposited as security for the payment by the lessee of the rent, upon the termination of the lease the lessee is entitled to a return of the sum deposited, less the amount of the rent due and unpaid at the time of the termination.

[2] ID.—PAYMENT OF BONUS FOR LEASE—RIGHT OF LESSEE TO RECOVER.—If the sum is paid by the lessee as a bonus, as an independent consideration, to induce the lessor to make the lease, a cancellation of the lease by the lessor for any cause which justifies the act will not entitle the lessee to receive back any part of the sum so paid, in the absence of some stipulation in the lease permitting her to do so.

[3] ID.—AMOUNT PAID AT TIME OF EXECUTION OF LEASE—TERMINATION OF LEASE FOR NONPAYMENT OF RENT—RIGHT OF LESSEE TO RECOVER MONEY—CONSTRUCTION OF AGREEMENT.—Under the terms

43 Cal. App.— 7

of a lease providing that "for and in consideration of the sum of three thousand dollars, the receipt whereof is hereby acknowledged," the lessor "agrees to make and enter into, and does make and enter into," a lease of a certain building to be erected for a period of ten years from and after the completion of the building at a stated total rental payable in given monthly installments, the first month's rent being free, nothing being said as to the amount of rent to be paid for the last five months of the term, and that in the event of the termination of the lease prior to the expiration of the ten-year term, for any reason or cause, except a breach of covenant by the lessee, the lessor will pay to the lessee the sum of three thousand dollars, with interest, provided, however, that if such termination shall occur during the last five months of said term, the amount so payable shall be reduced at the rate of $925 per month for each of said months as shall have expired prior to said termination, and providing further that if the lessee shall comply with the terms, conditions, and covenants of this lease, he shall have the use of the premises free during the last five months of the term, said free rent being conditioned upon the full performance of all the terms of said lease by the lessee during the entire ten-year term, upon the lessees moving out·of the premises less than four years after the completion and taking possession thereof, following notice from the lessor to pay the monthly installment of rent then due and unpaid within three days or deliver possession of the premises, such lessee is not entitled to recover any portion of the fund paid to the lessor at the time of the execution of the lease.

[4] ID.—PROVISION AS TO REPAIRS—MAKING OF BY LESSEE—RIGHT TO RECOUP LOSSES OUT OF RENT.—Under a lease providing that the lessor, at her own cost and ·expense, shall repair, or cause to be repaired, any defects in said premises due to construction which shall appear during the first twelve months after the completion and acceptance of the building, the lessee is not entitled to recoup her losses of money for repairs made by her after the expiration of such twelve-month period from the rent of the premises as such rent becomes due.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. H. Countryman for Appellant.

Burrell G. White and John Ralph Wilson for Respondent.

WASTE, P. J.—The plaintiff appeals from a judgment, and asks for a review of the order denying a motion for a new trial. The controversy involves the sum of three thousand dollars, on deposit under the terms of a written lease dated March 7, 1910, between defendant, as lessor, and Charles Loeffler, as lessee. The interests and rights of the lessee have been transferred to plaintiff.

The first paragraph of the lease reads as follows:

"For and in consideration of the sum of three thousand dollars ($3,000) gold coin of the United States of America, the receipt of which is hereby acknowledged, Ella H. Arnold, of the City and County of San Francisco, State of California, agrees to make and enter into, and does hereby make and enter into, to and with Charles Loeffler of the same place the following lease, upon the terms and conditions herein specified, to wit."

Then follows an ordinary lease made and entered into between the parties, under the terms of which the lessor agrees to erect a certain five-story, class C, building in accordance with plans and specifications therein particularly referred to, for a period of ten years, from and after the date of completion of the building, at the total rental, or sum, of one hundred and two thousand five hundred dollars, in monthly payments (the first month's rent being free) of $875 per month, for the first five years of the lease, and $925 for the next four years and seven months of the term. Nothing is said in the lease as to the amount of rent to be paid by the lessor for the last five months of the term.

It was expressly covenanted in the lease that the lessor should, at her own cost and expense, keep the roof and exterior of the premises in good order, condition, and repair during the term of the lease, and should likewise, at her own cost and expense, repair or cause to be repaired any defects in the premises which should appear during the first twelve months after the completion and acceptance of said building, if the defects resulted from the settling of the walls, shrinkage of timbers, defective plumbing, or other defects due to construction.

It was further stipulated in the lease that, otherwise than as above stated, the lessor, after taking possession of the premises, should keep and maintain the interior of the same in good order, condition, and repair during his occupancy, the

injury thereto or destruction thereof by the act of God or the elements or other cause beyond the control of the lessee being excepted. The lessee expressly waived all rights to make repairs of said premises at the expense of the lessor, as provided in section 1942 of the Civil Code of the state of California.

A further stipulation in the lease is:

"That in the event of the determination of this lease prior to the expiration of the ten year term hereby demised, for any reason or cause, except a breach of covenant by the lessee, the lessor will pay to the lessee the sum of three thousand ($3,000) dollars in gold coin of the United States of America, together with interest thereon from the date of the completion of said building, at the rate of four (4%) per cent per annum, compounded annually, provided however, that if such termination shall occur during the last five months of said term, the amount so payable shall be reduced at the rate of nine hundred and twenty-five ($925) dollars per month for each of said months as shall have expired prior to said termination. It is understood and agreed that this lease shall not be assigned without the written consent of the lessor. It is understood that if the lessee shall in all respects fully comply with the terms, conditions and covenants of this lease, he shall have the use of the above described premises, herein leased for the last five months of the term herein named and provided, free of rent, and said free rent is conditioned upon the full compliance with the performance of all conditions and covenants of this lease by said lessee both before and during the said last five months hereof."

The building was completed and possession taken by the lessee on or about the thirty-first day of December, 1910. The rent for the month of September, 1914, was not paid. Defendant served on plaintiff a notice, requiring him to pay the rent within three days or deliver possession of the premises. Plaintiff moved out of the premises within the period given, and defendant, in writing, accepted the keys and possession of the leased property.

During plaintiff's occupancy of the house, certain structural defects in the building developed, and plaintiff, after calling the attention of the defendant to these matters, expended certain sums of money in making repairs. Plaintiff brought this action for the recovery of the three thousand

dollars, and interest, paid by her assignor to defendant, under the provision of the lease that has been referred to. Defendant filed an answer and cross-complaint for the amount of the rent for the month of September, 1914. Plaintiff, in answer to the cross-complaint, asserted the right to offset the claim for the rent for that month by the sum of money she expended in making the repairs to the premises hereinbefore and hereinafter referred to. At the trial defendant dismissed her cross-complaint, leaving as the only issue to be tried by the court the question of the right of plaintiff to recover the three thousand dollars. The court eventually held that by the failure of plaintiff to pay the rent in cash for September, 1914, she had so violated the covenants of the lease that, under its terms, she was not entitled to recover that amount, and gave judgment for defendant. The decision of the main issue of the case, to wit, the right of the plaintiff to recover the sum of three thousand dollars, turns upon the determination of the status of that fund now in the hands of defendant. Appellant steadfastly maintains that the amount was deposited with the lessor as security for the performance of the covenants of the lease; that, therefore, it was not forfeited to the lessor by reason of the failure on the part of the lessee to pay the rent accrued for September, 1914. She relies upon *Green* v. *Frahm,* 176 Cal. 259, [168 Pac. 114], and *Rez* v. *Summers,* 34 Cal. App. 527, [168 Pac. 156]. Defendant claims that it was paid to defendant by the original lessee as an additional consideration, or bonus, as an inducement to defendant to make the lease. If either of these claims finds support in the pleadings or evidence, the decision of the case presents but little difficulty. [1] If the money was deposited as security for the payment by the lessee of the rent, it is clear that upon the termination of the lease the plaintiff would be entitled to a return of the sum deposited, less the amount of rent due and unpaid at the time of the termination. (*Green* v. *Frahm, supra; Rez* v. *Summers, supra; Caesar* v. *Rubinson,* 174 N. Y. 492, [67 N. E. 58]; *Michaels* v. *Fishel,* 169 N. Y. 381, [62 N. E. 425]; *Galbraith* v. *Wood,* 124 Minn. 210, 213, [Ann. Cas. 1915B, 609, 50 L. R. A. (N. S.) 1034, 144 N. W. 945].) [2] If the three thousand dollars was paid by the lessee as a bonus, as an independent consideration, to induce defendant to make the lease, it is equally clear that a cancellation of the lease by the landlord

for any cause which justifies the act would not entitle plaintiff to receive back any part of the sum so paid, in the absence of some stipulation in the lease permitting her to do so. (*Galbraith* v. *Wood*, 124 Minn. 210, 214, [Ann. Cas. 1915B, 609, 50 L. R. A. (N. S.) 1034, 144 N. W. 945] ; *Dutton* v. *Christie*, 63 Wash. 372, [115 Pac. 856].)

In the first of the cases relied upon by appellant, *Green* v. *Frahm*, the language of the lease is that "Cohn hereby deposits with Frahm the sum of $3,000, receipt of which is hereby acknowledged, said sum of $3,000 to be maintained by Frahm as a guaranty that Cohn will pay the rent as herein provided, and in the manner herein specified, and will keep and perform each and every covenant herein contained to be performed by Cohn, and in the event of the failure of Cohn to pay the rent, or to keep or perform any of the covenants herein contained, to be performed by Cohn, then and in that event, the said sum of $3,000 shall become forfeited unto Frahm. On the other hand, if Cohn paid the rent herein reserved, then and in that event, the sum of $3,000 shall be returned to Cohn, at the end of the term hereinbefore created, or at any sooner termination thereof. Frahm agrees to pay Cohn four per cent interest on the sum of $3,000, to be paid annually." Another clause provided that in case of any termination of the lease through any fraud or neglect of Cohn, then the three thousand dollars reserved should be repaid to him with interest. Cohn defaulted in payment of rent. Frahm instituted proceedings in unlawful detainer against him, and, upon obtaining judgment, was put into possession of the property. Cohn, by his assignee, began an action against Frahm to recover the three thousand dollars, which, in pursuance of the terms of the lease, had been deposited by Cohn with Frahm at the time of the execution thereof. The judgment was' for plaintiff, and Frahm appealed. The supreme court held that the above-quoted provision of the lease naturally divided itself into two parts: One, a provision that the three thousand dollars deposited with Frahm was to be a guaranty for performance by Cohn of the covenants of the lease, including the payments of rent; the other that, in the event of the failure of Cohn to perform any of said covenants, the said money should become forfeited to Frahm; that the provision for a forfeiture upon the failure of Cohn to pay the rent was either a penalty, or a provision that

the three thousand dollars was to be liquidated damages for the breach of the covenants, and in either aspect the provision was void. (*Green* v. *Frahm, supra.*) The other part of the clause, providing for the deposit of the three thousand dollars as a security for the payment of rent, was held by the supreme court to be for a legal purpose, and in all respects valid and enforceable, and that Frahm had a legal right, in case of the failure of Cohn to pay rent, to retain the three thousand dollars and apply it on the rent until the same was exhausted; that he did not choose to do this, however, but immediately began proceedings for the restitution of the premises and the recovery of the rent due, and had succeeded in obtaining judgment for both, also for cancellation of the lease; that, under these circumstances, he must be admitted to have repudiated the security, and to have waived the right to retain the three thousand dollars as security for the payment of rent subsequently accruing; that the sum as deposited was to be considered as money held by Frahm as bailee, for the use of Cohn, and due demand having been made for its return, the plaintiff was entitled to recover. In *Rez* v. *Summers*, also relied upon by appellant, the court found "that the sum of eight hundred dollars was received by the lessor as being in full payment for rent for the last two months of the term. But the payment was not absolute and unconditional, since it was also agreed that in certain contingencies this money would be returned to the lessee, and in that part of the contract the eight hundred dollars was referred to as 'security.' "

In neither of the foregoing cases were the facts similar to those of the case at bar. In the instant case, for and in consideration of the sum of three thousand dollars, the receipt of which was acknowledged by the lessor, she agreed to make and enter into the lease to plaintiff's assignor.

This, to our mind, brings the case squarely within the ruling of *Ramish* v. *Workman*, 33 Cal. App. 19, [164 Pac. 26], and *Dutton* v. *Christie, supra.* In the first of these cases the provision of the lease was that the lessees would pay to the lessor, as a further consideration for the lease, in addition to the rent therein reserved, the sum of seven thousand two hundred dollars, receipt of which was acknowledged by the lessor. There was a further proviso that if the lessees should pay the rent reserved, when same became due under the lease,

and should well and truly perform and observe all the covenants and agreements contained in the lease on their part to be performed during the first nine years, seven months, and twelve days, and the lease should not be terminated by the re-entry of the lessor as in the lease provided, within that period, the lessor should credit said sum of seven thousand two hundred dollars so paid by the lessees upon the last four months and eighteen days' rent due under the lease. After taking possession under the lease, the lessees made default and were evicted. The lessor also commenced an action to recover rent for the period during which the premises were held and occupied by the lessees. The defendants, by answer and cross-complaint, set up the deposit of seven thousand two hundred dollars, made as hereinbefore indicated, and prayed for its return. Judgment went for the plaintiff, and the defendants appealed, insisting, as does the appellant here, that, notwithstanding the plain language in which the provision of the lease is couched, "the meaning of which, to our minds," said the appellate court, "admits of no controversy," the payment of seven thousand two hundred dollars should be construed as security for the payment of the rent reserved during the time ending with their eviction, and any damages sustained by plaintiff; that when the landlord elected to evict defendants from the premises for nonpayment of rent, he waived all claims to the fund except in so far as it was necessary to apply it in payment of rent then due and accrued. In its decision the court said:

"As stated in *Dutton* v. *Christie*, 63 Wash. 373, [115 Pac. 857], where a similar question was involved: 'We cannot agree with this contention without in effect writing a new contract for the parties.' Clearly, the seven thousand two hundred dollars was paid for a ten-year lease of the premises, upon the conditions and terms specified therein. Defendants parted with the money, not as a penalty or as security, but as a payment the consideration for which was the execution of the lease on the part of plaintiff. The title thereto passed absolutely to the lessor, unaffected by the fact that he agreed, upon the performance of certain conditions by defendants, to give them credit therefor. The conditions were never performed by defendants, and hence they could have no claim to the fund. The authorities which appellants cite in support of their contention all appear to have been cases where the

deposit was made with the lessor upon the execution of the lease as security for the payment of the rent, and in such cases, upon the lessor evicting the tenants, it is uniformly held that he cannot assert claim to the amount so deposited, over and above rent due, with damages sustained. The cases cited by appellants involve deposits made as 'a guaranty,' 'as indemnity,' as 'a penalty,' 'for security,' etc., and hence are readily distinguished from the case at bar. This view finds full support in the case of *Dutton* v. *Christie,* 63 Wash. 373, [115 Pac. 857].

"The provisions of the lease in question hereinbefore quoted should be interpreted in accordance with the plain import of the language used, and thus construed it is clear that the parties intended the seven thousand two hundred dollars to be in the nature of a bonus or additional consideration paid the lessor as an inducement to make the lease upon the terms and conditions therein contained; and, as stated, the fact that upon the performance of all the covenants and agreements contained in the lease to be performed by the lessees during the first nine years, seven months, and twelve days of the term thereof, he promised in effect to release them from the payment of rent at the rate of one thousand five hundred dollars per month for the last four months and eighteen days of the term so demised, furnishes no reason for appellants' contention."

A rehearing of this case was denied by the supreme court.

The facts in *Dutton* v. *Christie, supra,* are very similar to those under consideration here. The respondent in that case let to the appellants certain premises in the city of Seattle, for the period of five years, under a written lease by which it is provided that the rental of the premises should be $750 every month in advance. It was stated in the first paragraph of the lease that it was made "in consideration of the covenants of the second parties (appellants) hereinafter set forth, and of the sum of fifteen hundred dollars ($1,500) now paid to the first party by the second parties, the receipt of which is hereby acknowledged." In a subsequent paragraph of the lease it was stated that the "above payment of fifteen hundred dollars ($1,500) now made shall, in the event of the full and faithful performance of this contract by the second parties, be credited in payment of rent for the last two months of said term; but otherwise said payment this day made shall

belong to first party as a part of the consideration to them for the execution of this lease." The lessees defaulting, the lessor brought an action to recover the unpaid rent. Judgment was rendered against the lessees, who appealed, claiming that the judgment should have been in their favor for the difference between the advance payment of one thousand five hundred dollars and the amount of the unpaid rent, earnestly insisting that the one thousand five hundred dollars so paid in advance was merely intended as a deposit in the nature of a penalty for any failure on their part to carry out the terms of the lease. "We cannot agree with this contention," said the supreme court of Washington, "without in effect writing a new contract for the parties. In the beginning of the lease the parties have declared that the lease is given in consideration of the covenants of the second parties and of the payment of one thousand five hundred dollars. The lease was certainly a legally sufficient consideration for the payment. If there had been no further mention of this money, there could be no question of the respondent's ownership of it. Does the added stipulation that this payment shall, in the event of full performance of the contract by the second parties, 'be credited in payment of the rent for the last two months of said term, but otherwise said payment this day made shall belong to the first parties as a part of the consideration to them for the execution of this lease' change the nature of this payment from consideration to penalty? We think not. It is declared to be a part of the consideration in the beginning, and this clause reiterates the same thing. In both instances the ownership of the respondent therein is affirmed. This is not changed by his agreement to apply this sum in payment of the rent for the last two months of the terms in the event of the appellants fully performing their contract. It was only by that performance that they could assert any claim upon this money. They must earn it."

"Provision is sometimes made in a lease for the payment in advance of the rents of the last or later periods of the lease, and such a provision has been held not to be a security merely for the lessee's performance of his agreements in the lease, but purely a payment of rent in advance, and therefore may be retained by the lessor though he terminates the lease

for the default of the lessee as provided for in the lease.''
(16 R. C. L. 931.)

A case bearing directly on this phase of the question which
we are now considering is *Galbraith* v. *Wood, supra,* where
the supreme court of Minnesota was called upon to determine
the status of a payment made upon the execution of a lease
under circumstances not far dissimilar from the facts in the
case at bar. At the time of the execution of the lease there con-
sidered the lessee agreed to pay the lessor the sum of twenty
thousand dollars ''as an advance payment on the rent,'' which
advance he agreed to keep good during the first five years
of the lease, with the privilege of reducing the rent at the
rate of $6,666.66 per year for the third, fourth, and fifth
years of the term. On motion of defendants the lower court
dismissed the action brought by the assignee in bankruptcy of
the lessee, after default of the latter, to recover the money so
deposited, and in which it was contended that the fund was but
a guaranty for the payment of rent to be made by the lessees
during the terms of the lease. On appeal the higher court
held that the claim of plaintiff, that the money was de-
posited as security, was not sustained by the pleadings or
evidence, and also found a lack of anything in the pleadings
or evidence to support its claim that the money was paid as
a bonus or independent consideration to induce the making
of the lease. It was decided that it was no more than an
advance payment of rent, and affirmed the ruling of the
lower court.

It requires but a short mathematical calculation to demon-
strate that it would be improper to hold that the three thou-
sand dollar fund under consideration here may be regarded
as an advance payment for the rent of the leased premises
for the last five months of the term, which was for the full
period of ten years, at the agreed monthly rental of $875
per month for the first five years (no rent being charged for
the first month), and $925 for four years and seven months.
The credited rent is the exact amount specified in the lease,
to wit, one hundred and two thousand five hundred dollars.
At the rate of $925 per month, the rent for the last five
months of the term for which no rent is otherwise provided
would aggregate $4,625. The sum of three thousand dollars
at four per cent per annum, compounded annually for ten

years, the term of the lease, would approximate just about that amount. Furthermore, the stipulation in the lease that the lessor will repay to the lessee the sum of three thousand dollars, with interest, on the date of the completion of the building, is effective only in the event of the termination of the lease prior to the expiration of the ten-year term thereby demised, for any reason or cause, *except a breach of covenant by the lessee* (the italics are ours), and the stipulation further provides that if such termination shall occur during the last five months of said term, the amount so repayable shall be reduced at the rate of $925 per month, for each of said months as shall have expired prior to said termination.

[3] From the facts of the present case, and our review of the foregoing authorities, we reach the conclusion that plaintiff in this action is not entitled to recover any portion of the fund of three thousand dollars paid at the time of the execution of the lease. If the money be regarded as given in consideration of the covenants of the lease when paid, the title thereto passed to the lessor (*Ramish* v. *Workman, supra*; *Dutton* v. *Christie, supra*); if it is to be regarded merely as an advance payment of rent, the lessor is entitled to retain it. (*Galbraith* v. *Wood, supra*. See, also, citations under this case, found in 50 L. R. A. (N. S.) 1034; Ann. Cas. 1915B, 609, 613.)

An examination of the authorities cited by appellant bearing on this point of the case, and its allied questions, discloses that they were dealing with instances in which the money sought to be recovered was deposited as security for the payment of rent, and the performance of the conditions and covenants of the lease, and, in our view, they are not in point as applied to the lease we are called upon to construe in this case.

[4] Appellant also asks for a reversal of the judgment in the case at bar upon the contention that defendant, upon the terms of the lease, had agreed to make repairs which we have before referred to, and had failed and refused to do so; and that as they were made by plaintiff, she had a right to recoup her losses of money in making such repairs from the rent of the premises as it became due. The stipulation of the lease, however, is that the lessor, at her own cost and expense, shall repair, or cause to be repaired, any defects in said premises due to construction which shall appear during the first twelve

months after the completion and acceptance of said building. The building was completed and accepted on or about the thirty-first day of December, 1910, and no notice of any defects was given until January, 1913. By the terms of the lease, therefore, the lessor was not obligated to make such repairs. As to other work claimed by plaintiff to have been done by her in repairing the building, it appears not to have been performed until nearly one year and five months after the completion of the building. Plaintiff contends that she was called upon to make certain necessary repairs during her occupancy of the building, which it was the duty of the defendant to make.

"If it be assumed that under ordinary circumstances the defendant should be credited with such an expenditure as a payment on account of the rent, provided such expenditure was not greater than one month's rent of the premises, in view of the provisions of section 1942 of the Civil Code, the complete answer to any such claim in this case is to be found in the provisions of the lease, whereby the lessee 'hereby waives all rights to make repairs of said premises at the expense of the lessor as provided in section 1942 of the Civil Code of the state of California.'" (*Arnold* v. *Krigbaum,* 169 Cal. 147, [Ann. Cas. 1916D, 370, 146 Pac. 424].)

It follows, therefore, that the action of the trial court in striking out much of plaintiff's evidence, and in refusing to admit other evidence relative to these repairs, was proper. The court was correct in its action in denying the motion for a new trial.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 2, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 28, 1919.

All the Justices concurred.