## In re STAMM et al.

(District Court, W. D. Washington, N. D.    April 12, 1924.)

### No. 7094.

Bankruptcy ⊂⇒140(1)—Bankrupts held to retain an interest in certificates delivered as security for a lease.

Under terms of lease bankrupts, as lessees, as part consideration for the lease delivered to lessor certain certificates on which installments were to become due, and agreed to pay such installments, "so that the lessor shall at all times have good title thereto," but with a proviso that, should bankrupts perform all the conditions of the lease and pay the rentals thereunder the certificates should be returned. *Held*, that delivery of the certificates was by way of security, that lessor took only a qualified title with a contingent interest remaining in bankrupts.

In Bankruptcy. In the matter of Samuel Stamm and Theodore Stamm, individually and as partners, as Stamm Bros., bankrupts. On review of order of referee. Reversed.

The Seattle Rialto Theater Company, a corporation, leased to above bankrupts, partners, the certain room known as No. 1218 Second avenue, Seattle, for a period of five years from June 1, 1922. The lessee occupied the premises until a receiver was appointed by the state court, after which the adjudication herein followed.

In the lease appears the following: "That for and in consideration of two participating certificates in North Pacific Finance Corporation for twelve hundred and fifty ($1,250.00) dollars, together with an agreement on behalf of the lessees to pay promptly to the North Pacific Finance Corporation all installments accruing thereon until said certificates become fully paid up. ＊  ＊  ＊"

A further consideration of payment of rent for the period of five years, amounting to $40,500, payable in monthly payments, is also provided. It is further provided in the lease: "That they [the lessee] will promptly pay to the North Pacific Finance Corporation all assessments or installments made upon or accruing on the two certificates which they have deposited with the lessor as a consideration for this lease until said certificates shall become fully paid for, so that the lessor shall at all times have good title thereto, and in case of their failure so to do, that they will upon demand from the lessor, its successors and assigns, pay to the lessor twelve hundred and fifty ($1,250.00) dollars, in money or security acceptable to it and retake said certificates. ＊  ＊  ＊"

The provision also appears: "Should the lessee carry out and perform the terms of this lease on their part in all respects, and promptly pay the rental as herein provided throughout the term of the lease, then and in that event only, the lessor shall return to the lessee the two certificates of the North Pacific Finance Company which form a consideration for the execution of this lease."

Allen & Griffith, of Seattle, Wash., for Seattle Rialto Theater.
McClure & McClure, of Seattle, Wash., for trustee.

NETERER, District Judge (after stating the facts as above). It is apparent that the intent of the parties was that a qualified title to the certificates should vest in the lessor. The lease was sufficient consideration for the delivery of the certificates, and but for the proviso that upon payment of all rentals, etc., the lessor shall return the certificates, the clear intent would be a vested title. In Dutton v. Christie, 63 Wash.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

372, 115 Pac. 856, the payment was declared to be a part of the consideration, and the subsequent proviso was that the sum paid shall be applied to the last two months of the lease. This confirmed the vested interest in the payment. No interest, contingent or otherwise, remained in the lessee.

In the instant case the delivery of the certificates was likewise a part of the consideration and the lessee agreed to pay maturing assessments "so that the lessor shall at all times have good title thereto, * * *" but upon the performance of the terms of the lease "the lessor shall return to the lessee the two certificates * * * which form a consideration for the execution of this lease." Clearly an interest in the certificates is retained by the lessee, which was to ripen in complete title upon the performance of the terms of the lease. While the parties have not construed this lease as did the parties in Stern v. Green et al. (Wash.) 221 Pac. 601, the express terms of the lease, all of which must be construed together, appear conclusive that the lessor's title was qualified, and for the purpose of guaranteeing the performance of the terms of the lease. A deed upon its face has been often held to be a mortgage; here, by express terms the lease provides the condition upon which the title shall revest.

The decision of the referee is reversed.