[Civ. No. 4859. First Appellate District, Division One.—January 31, 1925.]

GEORGE ANDERSON et al., Appellants, v. JULIUS LEVIN COMPANY et al., Respondents.

[1] LANDLORD AND TENANT—ASSIGNMENT OF LEASE—BANKRUPTCY OF ASSIGNEE—SUBSEQUENT ASSIGNMENT BY LESSEE—RECOVERY OF PAYMENTS MADE.—The purported assignee of the lessee of certain premises cannot recover the money paid by said lessee as consideration for the execution of the lease (which provides that, if the provisions thereof are fully performed, the money so paid shall be applied in specified amounts on account of the rent for certain last months thereunder), where the lessee assigned his lease and all his rights thereunder to a corporation organized by him and said corporation made an assignment for the benefit of creditors, in which the lessee joined, and said corporation was adjudged bankrupt, prior to the execution of the purported assignment in question.

[2] ID.—CONSIDERATION FOR MAKING LEASE—RECOVERY.—The moneys paid by the lessee as consideration for the execution of the lease were not recoverable by him, or his assignee, after possession of the premises had been relinquished, following a default in the payment of the rent, and they had been leased to a new lessee at a loss to the lessor.

(1) 35 **C. J.**, p. 995, n. 75. (2) 36 **C. J.**, p. 301, n. 71.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph A. Brown for Appellant.

Brownstone & Goodman for Respondent.

ST. SURE, J.—Appeal from judgment of nonsuit.

The complaint stated a cause for money had and received in three counts, the first count for five thousand dollars, from W. S. Wright, the second for two thousand

2. See 15 **Cal. Jur.** 729.

dollars, from W. S. Wright, and the third for money had and received from plaintiffs in the sum of three thousand dollars. Under the first count an assignment to plaintiffs of Wright's claim is set out. Prayer is for five thousand dollars with interest from November 7, 1919.

Defendant, Wilton Securities Company, sued as Julius Levin Company, answered denying all the allegations of the complaint, and alleged that none of the counts stated a cause of action against defendant.

[1] The facts, briefly stated, show that on November 3, 1919, W. S. Wright, plaintiffs' assignor here, entered into an agreement of lease with Julius Levin Company for certain premises on Van Ness Avenue, San Francisco, at a stipulated rental. The lease, as consideration for its execution, contained a provision for the payment, simultaneously with execution of the lease, of the sum of five thousand dollars. It was later provided that if the provisions of the lease were fully performed, the sum so paid might be applied in specified amounts on the last twenty-three months of the five-year term. There was no provision in the lease against subletting, and a few days thereafter Wright entered into an agreement of sublease of part of the same premises, with the plaintiffs here. A provision for the payment of three thousand dollars for the execution of the sublease was contained therein, and as matter of fact the money so paid was paid directly to the Julius Levin Company by check of the plaintiffs, who paid such sum at defendant's office in company with Wright. The Levin Company had already received two thousand five hundred dollars from Wright, and the three thousand dollars thus paid by plaintiffs was received by them on the Wright account, on which, being overpaid by reason of the three thousand dollars payment, they returned five hundred dollars to Wright. Shortly after the leases above mentioned were entered into, a corporation was formed by name Wright Motor Company, to which Wright made assignment of the lease and all rights thereunder. Business grew steadily worse, and the company later made an assignment for the benefit of creditors in which Wright, then owner of all the motor company's stock, joined and assented to. The company later was adjudged bankrupt. During the period

after the assignment to creditors and preceding bankruptcy, while the assignee for creditors was in charge, and also during part of the period of bankruptcy proceedings, attempts were being made by the assignee and by Wright to rent the premises, for the rent of which he was in default. The matter of taking over the operation of the lease was taken up by the trustee in bankruptcy, and the matter of a claim by Wright in connection with the lease considered by Wright and his then attorney. So far as the record shows, no claim was asserted by Wright and he acquiesced in the efforts of his lessor to rent the premises and minimize his loss. During part of the time after Wright's default and abandonment, the plaintiffs remained in possession and paid rent to the assignee for creditors. They later discontinued paying rent and removed from the premises, some three months after the adjudication in bankruptcy, delivered the key to a real estate man acting for the Levin Company, and until this suit was brought, appeared to have made no claim of any kind in the premises. The entire premises were then leased at a loss by the Levin Company to another motor company. The assignment on which this suit is based was made following all of the above transactions.

After a most liberal allowance of testimony in the trial court, on the expressed intent of the court to do justice to all, a motion for nonsuit was granted, on the grounds that the plaintiff's assignor was not entitled to sue, having parted with the lease under assignment to creditors; that if title to the lease had not gone to the assignee for creditors it vested in the trustee in bankruptcy; that both assignor and assignee defaulted in their contract of lease and are attempting to secure performance of a contract under which they are in default; that the money paid was for execution of the contract and as such is not repayable; the premises were sublet to the benefit of the subtenant at a loss by the terms of the contract; and finally, that no contractual relations exist between the Levin Company and plaintiffs, that is, no privileged contract.

A reading of the entire transcript is sufficient to show that respondent's motion for nonsuit was properly granted and the judgment thereon must stand.

The assignment to the Wright Company by Wright divested him of all rights under the lease, which a later assignment to plaintiffs could not revive. The Wright Company, by assignment for the benefit of creditors and by virtue of the proceedings in bankruptcy, was divested of all title to the lease. [2] Further, the entire amount here sought to be recovered by different counts is, severally or in entirety, part or all of the amount specified by lease to Wright to be paid for its execution, and not recoverable by him under the decisions. (*Ramish* v. *Workman,* 33 Cal. App. 19 [164 Pac. 26]; *Curtis* v. *Arnold,* 43 Cal. App. 103 [184 Pac. 510].) On the showing of this ground alone the nonsuit was proper as to the counts for five thousand dollars and two thousand dollars. The documentary evidence also shows that the three thousand dollars was paid as part of the five thousand dollars, and the attempt to vary the effect of the terms of the lease by parol testimony, that its payment was for the benefit of plaintiffs, was of no avail. There were no contractual relations between defendant and plaintiff. The assignment to plaintiff, on which the suit here was brought, carried nothing because its subject matter of right, granting any existed, had been theretofore effectually conveyed out of plaintiff's assignor.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 30, 1925.