## In re SUN DRUG CO.

## SABIN v. ACME INV. CO.

(Circuit Court of Appeals, Ninth Circuit March 9, 1925.)

No. 4358.

Bankruptcy �findkey140(½)—Landlord and tenant ⚫184(2)—Cash payment by lessee held part consideration of lease and not security; cash payment not recoverable by trustee in bankruptcy.

Where lease recited a consideration of $5,000 cash, a note for $1,600, and a further consideration of reserved rentals, *held* such $5,000 was not put up as security for performance of contract, but became absolute property of lessor, and was not recoverable by lessee's trustee in bankruptcy.

Petition for Revision of Proceedings of the District Court of the United States, for the District of Oregon in Matter of Law; Robert S. Bean, Judge.

In the matter of the bankruptcy of the Sun Drug Company, bankrupt. On petition of R. L. Sabin, as trustee in bankruptcy, under Bankruptcy Act, § 24b (Comp. St. § 9608), to revise an order of the District Court affecting money paid the Acme Investment Company as consideration for a lease. Order affirmed.

In February, 1923, the Acme Investment Company let certain premises in Portland, Or., to the Sun Drug Company for the term of 10 years. The lease contained the following provisions:

"Now, therefore, in consideration of the sum of five thousand ($5,000) dollars in cash and the promissory note of the lessee in favor of the lessor, due April 15, 1923, in the sum of sixteen hundred ($1,600) dollars, the receipt of said cash and note being hereby acknowledged by the lessor, and in further consideration of the rentals herein reserved, and of the covenants herein contained on the part of the lessee to be paid and to be kept and faithfully performed by it, said lessor does hereby lease, demise, etc., and let unto said lessee that certain store known as No. 361 Washington street, in the city of Portland, Oregon, being a space approximately seventeen (17) feet in width on Washington street and fifty-five (55) feet in depth on Park street.

"To have and to hold the said premises hereby demised unto the said lessee for the full term of ten (10) years, beginning March 1, 1923, and ending February 28, 1933, said lessee paying and yielding as rental therefore the full sum of one hundred thirty-four thousand four- hundred ($134,400) dollars payable in gold coin of the United States of the present standard weight and fineness, as follows: The advance monthly rental of one thousand forty-five ($1,045) dollars during the first five (5) years of this lease, and the advance monthly rental of one thousand one hundred ninety-five ($1,195) dollars per month during the last five (5) years of this lease, the first month's rent to be paid on March 1, 1923, and thereafter each month's rent to be paid in advance on the 1st day of each and every month during said term."

On August 21, 1924, the lessee was adjudged a bankrupt. The lessor presented a claim for rental during the time the premises were occupied by the receiver and trustee in bankruptcy, but its allowance was denied by the referee, for the reason that the $5,000 paid to the lessor at the time of the execution of the lease was a mere security for the performance of the covenants of the lease on the part of the lessee. On petition for revision, the court below reversed the order of the referee and directed the allowance of the claim for rent. The order of the court reversing the order of the referee is now before us on a further petition for revision.

Sidney Teiser, of Portland, Or., for petitioner.

Brice & Brazell, of Portland, Or., for respondent.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). If the $5,000 paid by the lessee at the time of executing the lease was a mere advancement to secure the faithful performance of the covenants of the lease, the lessee or his successor in interest was entitled to a return of the money thus advanced, upon the determination of the lease, less the amount of any rent due and unpaid at the time of such determination. But, if the $5,000 was paid as a consideration for the execution of the lease, no part of that consideration was recoverable, either by the lessee or by the trustee in bankruptcy. We think all the authorities are agreed upon these two propositions. Yuen Suey v. Fleshman, 65 Or. 606, 133 P. 803, Ann. Cas. 1915A, 1072; Alvord v. Banfield, 85 Or. 49, 166 P. 549; Moumal v. Parkhurst, 89 Or. 248, 173 P. 669; Dutton v. Christie, 63 Wash. 372, 115 P. 856; Barrett v. Monro, 69 Wash. 229, 124 P. 369, 40 L. R. A. (N. S.) 763; Ramish v. Workman, 33 Cal. App. 19, 164 P. 26; Curtis v. Arnold, 43 Cal. App. 97, 184 P. 510; Galbraith v. Wood, 124 Minn. 210, 144 N. W. 948, 50 L. R. A. (N. S.) 1034, Ann. Cas. 1915B, 609.

There may be no little difficulty in reconciling all the cases on this question, because some of the courts hold that the money was advanced as security, while others hold that it was paid as a part of the consideration, under substantially similar facts. But we are confronted with no such difficulty here. The contract by its terms leaves no room for construction. It is expressly agreed that the money was paid as a consideration for the lease. The money was not to be applied on rents to accrue in the future or for any other purpose, and was not to be returned to the lessee in any event or upon any contingency. The payment was as absolute and as unconditional as if made for any other interest in the premises, and the money when paid became the absolute property of the lessor, free from any claim on the part of the lessee or the trustee in bankruptcy.

Such was the conclusion of the court below, and its judgment is affirmed.