[Civ. No. 22495. Second Dist., Div. Three. Mar. 18, 1958.]

HENRY S. GREENSTONE, Plaintiff and Respondent, v. CLARETIAN THEOLOGICAL SEMINARY, CLARET-VILLE (a Corporation), Defendant and Respondent; JACOBA C. BUCHENAU, Appellant.

Merton L. Schwartz, Irving H. Green and David Schwartz for Appellant.

Kopald & Mark for Plaintiff and Respondent.

Marcus L. Roberts for Defendant and Respondent.

PATROSSO, J. pro tem.*—Plaintiff instituted this action for specific performance of a contract of sale of real property which contract was executed between plaintiff as buyer and the defendant Claretian Theological Seminary (hereinafter referred to as Seminary) as seller; the defendant Jacoba C. Buchenau being joined as a defendant under an allegation that she asserted some claim of ownership to the subject property. The Seminary filed an answer admitting all of the allegations of the complaint, alleging its willingness to complete the contract of sale, but that it had been prevented of so doing by reason of the claim of ownership asserted by defendant Buchenau. The latter filed an answer and also a cross-complaint against the plaintiff and the Seminary. The cross-complaint is in two counts, the first being in the conventional form of an action to quiet title and the second for damages for deprivation of possession. The cross-complainant demanded a trial by jury and upon the opening of the trial the court stated that the issues raised by the cross-complaint and the

*Assigned by Chairman of Judicial Council.

answers thereto would first be tried before the jury and if necessary that the issues raised by plaintiff's complaint and the answers thereto would later be tried before the court without a jury.

A jury was thereupon impaneled and the cross-complainant sought to establish her case by proof designed to show that she had been induced to execute a deed to the property in question to the Seminary as a result of certain false and fraudulent representations made by certain representatives of the Seminary. The trial court sustained objections made to such proffered evidence upon the ground that the cross-complaint did not plead fraud. Thereupon cross-complainant moved that she be permitted to file an amended cross-complaint pleading fraud and over objections of the cross-defendants her motion was granted. Cross-complainant thereupon filed an amended cross-complaint, adding two additional causes of action. In the first of these she alleged that she was the owner of the property in suit; that the same was encumbered by a first deed of trust in favor of the New York Life Insurance Company and a second deed of trust in favor of Family Rosary, Inc., securing a note in the sum of $32,000 payable on December 31, 1954, and which said second deed of trust was on May 20, 1955, past due and the payee of the note secured thereby was demanding immediate payment; that cross-complainant was without funds to discharge this indebtedness and that she discussed her situation with a representative of the Seminary who orally promised and agreed that the Seminary would on or before June 30, 1955, pay the said sum of $32,000; that in her discussion with the representative of the Seminary she had informed him that she was going to leave the territorial limits of the United States for a period of approximately 90 days and that said representative requested that, in consideration of the payment of cross-complainant's indebtedness by the Seminary, "cross-complainant should deposit as security with cross-defendant Seminary a deed to said property"; that thereafter on the 27th day of May 1955, cross-complainant executed and delivered a deed of the subject property to a representative of the Seminary "to hold, in reliance upon his representations as aforesaid"; and that said representative orally represented that he would retain possession of said deed until the return of the said cross-complainant; that the execution and delivery of said deed was induced by said representations and promises

which were believed and relied upon by cross-complainant and that said representations and promises were false and untrue and were made for the purpose of deceiving and defrauding the cross-complainant. It is further alleged that subsequently and without the knowledge and consent of the cross-complainant, and while she was absent from the State of California, the Seminary caused said deed to be presented to a notary public for the purpose of acknowledging the signature of the cross-complainant thereto although cross-complainant never appeared before said notary, and that thereafter the said deed was recorded in the office of the County Recorder in Los Angeles County; that the Seminary did not and has not made payment of the sum of $32,000 or any part thereof to Family Rosary, Inc., and that the cross-complainant would not have affixed her signature to said deed had she known that the Seminary would not carry out its promise to make immediate payment of said indebtedness; that on or about September 1, 1955, cross-complainant learned for the first time that the said statements and representations made to her were false and untrue and further learned that the Seminary was attempting to sell the property to the plaintiff Greenstone, whereupon cross-complainant "filed a written claim that she was the rightful and sole owner of said property and entitled to the possession thereof." The second cause of action added by the amendment to the cross-complaint was one to the effect that by reasons of the facts hereinbefore stated, there had been a total failure of consideration for the alleged transfer of the property in question by cross-complainant to the Seminary.

After the filing of the amended cross-complaint the following colloquy took place between court and counsel:

"THE COURT: I seriously question whether this case now can go ahead with the jury except in an advisory capacity. Do you agree to that?

"MR. GREEN: [counsel for cross-complainant] I think, your Honor, that that would be the situation, that it could go ahead only in an advisory capacity to the Court. Frankly, as far as I am concerned I am perfectly willing to submit the matter to the Court without a jury.

. . . . . . . . . . . . . . .

"THE COURT: I think the Court will retain the jury in an advisory capacity if the plaintiffs are willing to.

"MR. MARK: [attorney for plaintiff] Regardless of cost, we have not requested them, we do not think they are proper.

"Mr. Green: It is within the discretion of the Court when a motion is made for it for there is a jury already impaneled. It is discretionary with the Court. We are advancing the cost for the jury.

. . . . . . . . . . . . .

"The Court: The amended cross-complaint is now one in equity.

"Mr. Green: Yes, your Honor.

"The Court: You would not be entitled to a jury as a matter of right.

"Mr. Green: True.

"The Court: You agree to that?

"Mr. Green: Yes, your Honor, but I believe that under the circumstances I would even as amicus curiae in a situation involving the particular situation here, where a church is involved, and so forth, the Court might prefer to have an advisory jury and we are willing to do this, your Honor, in order to hold them we are willing to from now on pay for the jury without the right to tax it as costs so there can't be costs involved to the defendants. We will waive the taxing of costs on jury fees from this date on.

. . . . . . . . . . . . .

"The Court: . . . . If the plaintiff is willing to stand all costs of the jury from this point on, the Court will retain the jury in an advisory capacity. But it must be stipulated by the cross plaintiff that all costs of the jury from this point on are to be borne by cross plaintiff and are not to be taxable as costs against the defendant.

"Mr. Green: We will so stipulate, your Honor."

After the close of testimony upon the issues raised by the cross-complaint and answers thereto, the cause was submitted to the jury upon a number of special interrogatories, in answer to which the jury found that the cross-complainant did not intend to make a gift of the property to the Seminary; that the Seminary did not agree to pay the cross-complainant's indebtedness to Family Rosary, Inc. if she would give the property to the Seminary; that the Seminary agreed with cross-complainant to pay her indebtedness of $32,000 to Family Rosary, Inc., if cross-complainant would deed the apartment house to the Seminary as security and that cross-complainant did so convey the property to the Seminary in reliance upon said agreement and as such security only; that at the time that cross-complainant signed the deed to the Seminary it

did not contain a description of the property and cross-complainant did not sign and acknowledge the deed in the presence of the notary public who affixed his name and seal to the acknowledgment thereon; that the Seminary, through its representative, represented to cross-complainant that he would hold the deed in his possession until cross-complainant's return from her contemplated trip to Europe and that such promise was made by the Seminary's representative without any intention of keeping his promise; that cross-complainant believed and relied upon the promise and the representation of the representative of the Seminary that he would hold the deed in his possession until cross-complainant's return from Europe, and that cross-complainant signed and delivered the deed as a result of being deceived by the promises and representations of the Seminary.

The trial court refused to accept the findings made by the jury and made its own findings generally to the effect that the allegations of fraud contained in the amended cross-complaint were untrue; that the cross-complainant intended to make a gift of the property to the Seminary and that the deed executed by her was a deed of gift executed with donative intent. Judgment was thereupon entered in favor of the cross-defendants and against the cross-complainant, from which the latter appeals.

In support of her appeal, appellant contends (1) that she was entitled to a jury trial as a matter of right and that the trial court erred in retaining the jury in an advisory capacity only and (2) that the evidence is insufficient to sustain the trial court's findings.

The first contention need not long detain us for, if it were to be conceded that cross-complainant was entitled to a jury trial as a matter of right, she effectively waived such right when, as we have seen, her counsel agreed that the trial should proceed before a jury only in an advisory capacity.

Indeed counsel for appellant expressly stated that they were prepared to try the case before the court without a jury, and the jury was finally retained in an advisory capacity at the suggestion of the court with the full acquiescense, if not insistence, of the appellant.

Appellant, however, undertakes to assert that in any event the waiver was ineffectual because her oral consent thereto was not entered in the minutes or docket as required by section 631 of the Code of Civil Procedure. The answer to this suggestion is to be found in *Ford* v. *Palisades Corp.*

(1950), 101 Cal.App.2d 491 [225 P.2d 545], wherein it is said (p. 499):

"Trial by jury may be waived by oral consent, in open court, entered in the minutes or docket. (Code Civ. Proc., § 631, subd. 3.) It has been held that the oral consent must be entered in the minutes or docket. (*People* v. *Metropolitan Surety Co.*, 164 Cal. 171, 178 [128 P. 324, Ann.Cas. 1914B 1181].) In the latter case, it was said that the purpose of the requirement was to furnish record evidence of a consent which would otherwise merely rest on parol proof. In the present case, the findings specifically recite what took place, and state that plaintiff 'consented to the discharge of said jury.' We think this was sufficient compliance with the statute. Further, the reporter's transcript shows precisely that plaintiff waived a trial by jury by oral consent. (*Cf. Farnsworth* v. *Hunter*, 11 Cal.2d 27, 32 [77 P.2d 840].) The purpose of the statute was served."

Here, as in the cited case, the fact of waiver not only appears from the reporter's transcript of the oral proceedings referred to but the findings expressly recite that "all counsel stipulated that there was no longer any right to a jury, and the jury thereafter remained in an advisory capacity only."

 Appellant's contention with respect to the asserted insufficiency of evidence to support the trial court's findings is equally without merit. While the evidence was conflicting and susceptible of different inferences, when viewed in the light most favorable to the respondents, it is to the effect that the appellant, upon her own initiative and without being solicited or urged by anyone on behalf of the Seminary so to do, freely and voluntarily offered the property as a gift to the Seminary because of her stated interest in the work which it was doing; that at this time she was expressly told by the representative of the Seminary with whom she discussed the making of the gift that the Seminary could not undertake to pay the indebtedness due Family Rosary but that such payment, if made, must come from the property; that she requested the Seminary to prepare a deed to the property and she later appeared before a notary public and executed and acknowledged the same; that after the transfer appellant stated to others that she had conveyed the property to the Seminary as a gift and expressed her satisfaction in having done so. Later when, during her absence from the state, her attorney stated to representatives of the Seminary that he was

not authorized to surrender possession of the property to it, the attorney was requested to communicate with her for the purpose of ascertaining her intentions and desires in the premises, and he (the attorney) later reported to the Seminary that appellant had confirmed to him the fact that she had transferred the same to the Seminary as a gift. It was only later, after she learned that the Seminary had sold the property, that she seemingly had a change of heart and for the first time advanced the claim that the conveyance had been made in consideration of the Seminary's promise to pay the indebtedness due Family Rosary, and later, as alleged in her amended cross-complaint, that the conveyance was by way of security for the payment of this indebtedness by the Seminary. Upon the basis of this evidence, if believed as it was by the trial court, it was fully warranted in concluding that the conveyance had been made as a gift with donative intent.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 14, 1958.