365 P.2d 208

Charles Leigh STEVENS and Nina
Lunn Stevens, Appellants,

v.

MEHAGIAN'S HOME FURNISHINGS, INC.,
an Arizona corporation, Appellee.

No. 7153.

Supreme Court of Arizona.
En Banc.

Oct. 11, 1961.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellant Nina Lunn Stevens.

Evans, Kitchel & Jenckes, Phoenix, for appellant Charles Leigh Stevens.

Snell & Wilmer, Phoenix, for appellee.

BERNSTEIN, Vice Chief Justice.

This is an appeal from a summary judgment entered in favor of appellee on its complaint. The action was based on a verified account. The complaint charged that the appellee sold and delivered to appellant Nina Lunn Stevens, furniture, furnishings and decorations having a reasonable value of $12,835.29. The complaint, in a separate count, also alleged that appellant Charles Leigh Stevens made an independent promise to pay said bill and that neither had paid.

Appellant Nina Lunn Stevens in her answer denied liability on the account and alleged that the appellee agreed to look solely to appellant Charles Leigh Stevens for payment. After obtaining leave from the trial court she also filed a cross-claim against Charles Leigh Stevens based on an alleged breach of a property settlement contract and for damages on account of the breach.

Upon a motion for summary judgment by the appellee, the trial court granted "judgment" in favor of the appellee and against the appellants jointly and severally. The court made no disposition of the cross-claim, therefore it is still pending. From this "judgment" the present appeal was taken.

At the outset, although neither of the parties has urged the point upon us, we note a question to our jurisdiction to hear this appeal. Since our attention is directed to a question involving our jurisdiction, we must pass upon our power to accept this appeal regardless of whether the parties raised it. In re Rich Hardware Co., 21 Ariz. 394, 188 P. 875. With certain exceptions not here pertinent, our sole power to review the superior courts is that granted by A.R.S. § 12–2101 to hear appeals "from a final judgment."

■ The Rules of Civil Procedure provide, 16 A.R.S. Rules of Civil Procedure, rule 54(b):

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all the claims *only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." (Emphasis added.)

The purpose of this rule is to provide a way for determining whether a judgment, which would not otherwise appear to be final and thus not appealable unless final, is final for appeal purposes. The rule deals with an action that involves multiple claims and only with finality in respect to that situation. It does not purport to affect in any manner any statutory right of appeal from, or appellate review of, an interlocutory order. Conversely, it does not purport to make appealable any partial, i. e., interlocutory, adjudication of a single claim, whether this is the sole claim in an action or one of multiple claims. The rule concerns itself with the problem of adopting the single judicial unit theory of finality to the multiple claims action. A.R.S. § 12–2101; 16 A.R.S. Rules of Civil Procedure, Rule 54(b).

Rule 54(b) is designed to make an accommodation between the policy against piecemeal appeals, Pinkerton v. Pritchard, 71 Ariz. 117, 223 P.2d 933, and the problems that have arisen under liberalized joinder of claims, counterclaims, cross-claims, and third-party claims in one suit permitted by our rules of procedure.

■ The rule comes into play when it is ascertained that the action embraces multiple claims for relief of which at least one claim but not all has been adjudicated by the trial court. The determination that the action involves multiple claims must rest on whether the factual bases for recovery state a number of different claims which could have been separately enforced. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297; Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311.

Once the action is controlled by rule 54 (b), the rule will operate to make such judgment appealable only when the trial court, without abusing its discretion, has made (1) an express determination that there is no just reason for delay, and (2) an express

direction for the entry of judgment. The rule wisely provides that where the lower court does not make the determination and direction, the judgment is not final. Flegenheimer v. Manitoba Sugar Co., Ltd., 2 Cir., 182 F.2d 742; Massa v. Jiffy Products Co., Inc., 9 Cir., 238 F.2d 228; Southern Parkway Corp. v. Lakewood Park Corp., 106 U.S.App.D.C. 372, 273 F.2d 107.

■ When the lower court has failed to make a determination that "there is no just reason for delay", as in the instant case, it is deemed to have made its order subject to its own modification at any time before the final adjudication of all the claims, Garbose v. George A. Giles Co., 1 Cir., 183 F.2d 513; Republic of China v. American Express Co., 2 Cir., 190 F.2d 334; and therefore renders the "judgment" nonappealable. Gilbertson v. City of Fairbanks, 17 Alaska 458, 253 F.2d 231; United States v. Al-Con Development Corporation, 4 Cir., 271 F.2d 901.

■ In this appeal there is no question that the action involved multiple claims. When the trial court adjudicated the appellee's claims of relief and left the cross-claim pending, the action became controlled by Rule 54(b). Nowhere in the summary "judgment" of the trial court is there any "express determination that there is no just reason for delay" as required by 16 A.R.S. Rules of Civil Procedure, Rule 54(b). In accordance with the language of the rule it is clear that a trial court's judgment on one or more, but less than all of the claims asserted in a multiple claims action is not final, and hence, not appealable, where the court does not make the *"determination"* and *"direction"* specified in the rule. Appeals prior to the final disposition of the entire case may be taken only (1) in the case of an interlocutory order which is made appealable by statute, or (2) in the case of an order or decision with respect to which the court makes the express determination and direction required by Rule 54(b).

For the foregoing reasons we hold that the "judgment" on appeal is interlocutory and so not within our appellate jurisdiction. The appellants may request the trial court to enter the "determination" and "direction" required by Rule 54(b) and if the trial court, in its discretion, executes it and a timely appeal is thereafter taken; and if all parties file a consent to such a course, we will hear the second appeal on the record and briefs prepared for the present appeal as thus supplemented. See Barron and Holtzoff, Federal Practice and Procedure, Vol. 3, § 1193, page 26; Moore's Federal Practice, Second Edition, Vol. 6, § 54.41; Republic of China v. American Express Co., supra.

Appeal dismissed.

. STRUCKMEYER, C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.