419 P.2d 742

**RAIL N RANCH CORPORATION, an Arizona corporation, Lloyd W. Golder III and Helen T. Golder, husband and wife, Lloyd W. Golder, Jr. and Esther B. Golder, husband and wife, Appellants,**

v.

**The STATE of Arizona et al., Appellees.**

**No. 2 CA–CIV 296.**

Court of Appeals of Arizona.

Nov. 3, 1966.

Odgers & Barker, by J. Emery Barker, Tucson, for appellants.

Darrell F. Smith, Atty. Gen., Lesher, Scruggs, Rucker, Kimble & Lindamood, Tucson, by Robert O. Lesher and William E. Kimble, Special Assts. Atty. Gen., for appellees.

PER CURIAM.

Appellants have taken this appeal from a "judgment" of dismissal entered in Pima County Superior Court as to fewer than all of the named defendants, appellees herein. On the authority of our recent decision in Pegler v. Sullivan, 4 Ariz.App. 149, 418 P.2d 395 (filed September 27, 1966), appellees have moved to dismiss the appeal as untimely.

The subject "judgment" recites in pertinent part:

"* * * and as to them the Complaint is dismissed; and that judgment be, and it is hereby, entered in favor of the said defendants and against the plaintiffs."

Rule 54(b), as amended, Arizona Rules of Civil Procedure, 16 A.R.S., provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

While the judgment does direct entry of judgment in favor of the appellees, there is no "* * * express determination that there is no just reason for delay * * *" as required by Rule 54(b), supra. As stated by the Supreme Court of Arizona in Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961), a "multiple claims" action:

"In accordance with the language of the rule it is clear that a trial court's judgment on one or more, but less than all of the claims asserted in a multiple claims

action is not final, and hence, not appealable, where the court does not make the *'determination'* and *'direction'* specified in the rule." 90 Ariz. at 45, 365 P.2d at 210.

The "determination" prescribed by the rule is a prerequisite for appeal where there are multiple parties. Mageary v. Hoyt, 91 Ariz. 41, 43, 369 P.2d 662 (1962). We hold, therefore, that the "judgment" appealed from is interlocutory and non-appealable. If the trial court, upon request, enters the required "determination and direction," and a timely appeal therefrom is taken, we will consider the second appeal, if the parties so agree, on the record and briefs prepared for the present appeal, supplemented by the final judgment. Stevens v. Mehagian's Home Furnishings, Inc., supra.

Appeal dismissed.

KRUCKER, C. J., and HATHAWAY and MOLLOY, JJ., concur.