420 P.2d 957

**Adolph MOZES, Appellant,**

**v.**

**Robert DARU, Seymour Lenwood Schorr, and Norman S. Fenton, Appellees.***

**No. 2 CA–CIV 247.**

Court of Appeals of Arizona.

Dec. 6, 1966.

Rehearing Denied Feb. 3, 1967.

Review Denied Feb. 28, 1967.

---

* This appeal was filed with the Arizona Supreme Court and assigned that court's No. 8542. The matter was referred to this court pursuant to A.R.S. Section 12–120.23.

Adolph Mozes, Robert Daru, S. Lenwood
Schorr, Norman S. Fenton, in pro. per.

McGUIRE, Superior Court Judge.

This case was brought by Adoph Mozes, hereinafter referred to as the plaintiff or appellant, against Robert Daru, Seymour Lenwood Schorr and Norman S. Fenton as defendants, also referred to herein as appellees, upon a complaint for alleged malicious wrongs interfering with the business and welfare of the plaintiff and praying judgment against defendants for $245,000 actual and $250,000 punitive damages.

Both the amended complaint and the counterclaims were long and involved and it is unnecessary for the disposition of this appeal to set forth the facts alleged. All defendants denied liability and alleged that the causes of action in the amended complaint were barred by reason of res judicata and the Statute of Limitations. Fenton and Daru filed counterclaims at time of answer. Schorr joined in the counterclaims on June 26, 1963 by the filing of the affidavit hereinafter mentioned. The defendants prayed for injunctive relief against the further filing of certain lawsuits and the making of defamatory statements, as well as for actual and punitive damages.

The case was originally set down for pretrial on June 25, 1963 at 9:30 a. m. and for jury trial on the same day at 1:30 p. m. before Judge Farley. A motion for summary judgment had been filed by the defendant Schorr against plaintiff upon the complaint on December 24, 1962 and denied by the court commissioner on January 22, 1963. On June 19, 1963, only six days before the time fixed for pretrial and trial, a motion for summary judgment was filed on behalf of defendants Daru and Fenton based upon the affidavit, exhibits and memorandum of authorities submitted on the previous motion of defendant Schorr, as well as upon the attached affidavit of Norman S. Fenton and upon all exhibits and pleadings theretofore filed. Defendant Schorr also re-urged his motion.

The matter came on for pretrial at the scheduled hour and extreme difficulties developed. Apparently the pretrial consumed the entire day of the 25th for the minutes

of that day recite "pretrial conference is continued to June 26, 1963 at 9:30 a. m."

On the 26th defendants filed an affidavit in support of the Motion for Summary Judgment and also asked leave to amend the Amended Answers.

The minute entry for the 26th opens with the unusual statement:

"The Court states that it feels that more could be accomplished if the Court conferred with each side individually rather than all together at the same time. Unless the parties are willing to so stipulate the Court would not proceed on that basis, but, from attitudes yesterday at the Pretrial, it is obvious that there is a lot of personal feeling involved in this matter and more could be accomplished by conferring individually in Chambers. It is so stipulated."

At 3:15 p. m. the court, after a lengthy statement in the minutes in which however the question of whether the trial would be by jury was not mentioned, entered the following order:

"IT IS ORDERED that Mr. Fenton prepare a Temporary Injunction; that the Pretrial be terminated by the Court; that a Temporary Injunction be granted restraining Mr. Mozes from the acts complained of; that the question of the Counterclaim be continued until January 7, 1964, unless, on motion of counsel, it be called up for an earlier disposition; further directed that Judge Farley will retain jurisdiction over this matter until final determination.

"IT IS FURTHER ORDERED that the Defendants' Motion for Summary Judgment is granted and the Complaint is dismissed with prejudice."

On July 17, 1963 the court entered a judgment directing (1) that the counterclaims of the defendants be tried by the court without a jury at a later date and (2) granting a restraining order pendente lite against the plaintiff which was quite lengthy. In substance, it restrained the plaintiff from prosecuting any litigation or

action against the defendants with respect to matters alleged in the Amended Complaint other than those presently pending and also restrained plaintiff from writing or uttering derogatory or detrimental statements against the defendants, as set forth in detail in the order.

The judgment contained the additional clause:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Judgment be, and the same is hereby entered in favor of the defendants Robert Daru, Seymour Lenwood Schorr and Norman S. Fenton against the plaintiff Adolph Mozes, dismissing the plaintiff's amended complaint on the merits and with prejudice."

The trial upon the counterclaims was held in December, 1963 by the court sitting without a jury and lasted six days. The final judgment was rendered June 16, 1964 in favor of the defendants and against the plaintiff, awarding the defendants compensatory damages in the sum of $476.25 and punitive damages in the sum of $1,000 as well as injunctive relief.

After plaintiff's motion for a new trial was denied, this appeal was taken. The plaintiff, who is not an attorney, did have counsel during certain phases of the trial litigation and represented himself part of the time and is representing himself on this appeal. The defendants are attorneys and represented themselves.

The errors assigned by appellant may be summarized as follows:

1. Error in allowing defendant Schorr, one and one-half years after his answer to the amended complaint was filed to file a counterclaim, upon the ground that such counterclaim should have been asserted at the time of the answer.

2. Error of the trial court in hearing the motion for summary judgment on less than ten days written notice.

3. Error in granting a motion for summary judgment previously denied.

4. Error in granting the motion for summary judgment for the reason that the record showed that there were triable issues.

5. Error in denying plaintiff a jury trial on the counterclaim.

■ The first error assigned has not been argued ·in the brief and must be deemed abandoned. Stallcup v. Coscarart, 79 Ariz. 42, 282 P.2d 791 (1955); Colboch v. Aviation Credit Corporation, 64 Ariz. 88, 166 P.2d 584 (1946).

As to errors numbered 2, 3 and 4, the first question to be answered is whether this court has jurisdiction to consider the appeal from the summary judgment of July 17, 1963 dismissing the amended complaint, since the notice of appeal was filed more than one year after entry of this judgment. Appellant, in support of the timeliness of his appeal, relies upon the provisions of Rule 54(b). The judgment of July 17, 1963 disposed of only part of the claims and did not contain "an express determination that there is no just reason for delay" as prescribed by Rule 54(b).

■ The Supreme Court of Arizona has passed upon the requirement of such a finding in Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961). See also the recent decisions of this court in Pegler v. Sullivan, 4 Ariz. App. 149, 418 P.2d 395 (1966); Rail N Ranch Corp. v. State, 4 Ariz.App. 301, 419 P.2d 742 (1966). In view of the failure to make such an express determination, the judgment of July 17, 1963 did not become final until the judgment of June 16, 1964 and the appeal is timely.

The second error alleged is the fact that the court heard and ultimately granted the motion for summary judgment upon six days notice instead of ten days. A motion for summary judgment may be made at any time by the defendant upon ten days' notice of the hearing thereon. Rule 56(c) as amended, Arizona Rules of Civil Procedure, 16 A.R.S. No order was obtained shortening the time of notice under the

provisions of Rule 6(c), Arizona Rules of Civil Procedure.

 However, there is no suggestion in either the briefs or oral argument or in the papers copied into the abstract of record that plaintiff needed more time to file some other affidavit or to take other action to oppose the motion for summary judgment on its merits. In the absence of a showing of prejudice, this court holds the error harmless, since the ten-day notice provision is not jurisdictional. Hale v. Brown, 84 Ariz. 61, 323 P.2d 955 (1958).

 The third error raises the question of the permissibility of renewing a motion for summary judgment after such motion has once been denied. Obviously a party cannot be allowed to argue repeatedly a motion for summary judgment upon the same record after the motion has been denied, nor resort to repeated filing of such motion when only minor changes have occurred in the record. Care must be taken to eliminate "horizontal appeal" or the practice of bringing substantially the same motion before different superior court judges in the hope of eventually finding one who will make a favorable ruling. These are clear abuses and should not be tolerated. No such abuse is shown here.

 In this case a motion was filed by Schorr and denied by the court commissioner. This did not preclude the other two defendants from making a similar motion and having it heard before any judge to whom the matter was regularly assigned. Schorr later joined in this new motion. By that time other papers had been added to the record. While extreme care should be used in the granting of a motion for summary judgment, no purpose would be served by forcing a case to trial once it clearly appears that there is no genuine issue of fact between the parties notwithstanding a previous motion for summary judgment has been made and denied.

 Hence, there is no ironclad rule that a denial of such a motion is res judicata and absolutely precludes renewal or the making of a subsequent motion for the same relief.

The fourth error attacks the granting of the motion for summary judgment on the grounds that there were triable issues.

 We must decide whether the record in this case shows that the motion for summary judgment was erroneously granted. In the portion of the record copied into the abstract of record, there are repeated, although vague, references to other litigation between the parties. Many of the papers in the file have not been set forth in the abstract of record and this court is not required to search through a large file of original documents in an effort to determine which are material. It is the responsibility of the parties as set forth in Rule 3(b) (8) of the Rules of the Supreme Court, 17 A.R.S., to place in the abstract of record all pertinent documents.

An examination of the original motion for summary judgment filed by Schorr discloses that it has attached to it (1) a thirty-four page memorandum discussing the case in detail; (2) a table listing by number and title seven lawsuits in Pima County involving Mozes and at least one of the defendants; (3) five exhibits; and (4) a seven page affidavit of defendant Schorr. An opposing affidavit of three pages was filed by plaintiff. None of these documents appear in the abstract of record.

In the judgment of July 17, 1963 the court made the following recitation:

"And the Court, during the pretrial, having heard and considered in addition to the foregoing motion papers and proceedings heretofore had in this action, the proposed proofs of the plaintiff and his proposed supporting documents thereof, and the plaintiff having asked in open court that the Court consider ways and means of and disposing of plaintiff's alleged claim, and all of the parties having stipulated that in addition to all of the papers and proceedings on file herein, and all of the matters presented at the pretrial, that the Court could confer

with and hear privately each of the parties separately, which the Court did;

"NOW, upon hearing the plaintiff in person (who was not formally represented by counsel but who, it appears, was advised by counsel sitting in the courtroom during pretrial and who previously, during the course of the action, had been represented by an attorney), the defendants Fenton and Schorr by the defendant Fenton, and the defendant Robert Daru, in person, and the Court having duly considered all of the foregoing matters and being duly and fully advised in the premises, and it appearing to the Court that the defendants are entitled to Summary Judgment against the plaintiff, dismissing the amended complaint because there is no triable issue therein since the matters alleged therein have been previously adjudicated and/or have been barred by the Statute of Limitations and/or have been shown to be without basis by reason of the admissions made by the plaintiff in his aforementioned depositions;"

■ From these recitations it may be properly assumed that the trial court took judicial notice of the seven cases above referred to. These files have not been transmitted to the appellate court nor is any portion of any of them set forth in the abstract of record. A similar situation existed in the very recent case of Swansea Properties, Inc. v. Hedrick, 3 Ariz.App. 594, 416 P.2d 1015 (1966). Division One of this court held:

"Although the trial court took judicial notice of its file No. 21486, this Court can only consider that which appears on the record before us. In reviewing the proceedings below we do not look beyond the record on appeal. Lawless v. St. Paul Fire & Marine Insurance Co., etc., 100 Ariz. 392, 415 P.2d 97 (1966); Day v. Wiswall's Estate, 93 Ariz. 400, 381 P.2d 217 (1963); State Automobile & Casualty Underwriters v. Engler, 90 Ariz. 321, 367 P.2d 665 (1961)."

The situation is to be distinguished from that set forth in the recent case of Lakin Cattle Company v. Engelthaler, 101 Ariz. 282, 419 P.2d 66 (1966), wherein the Supreme Court of Arizona expressly stated:

"There is nothing in the scant record submitted to this court on appeal which shows that the court below ever considered the alleged earlier judgment or a certified copy thereof."

In the case before this court the trial court not only considered the question of res judicata but also numerous other questions appearing in original papers which have not been copied into the abstract of record.

In the portion of his argument dealing with the granting of summary judgment against him, appellant cites only two cases. One is the case of Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961) above referred to and the other is the case of Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187 (1963), which holds that trial judges should exercise great care in the granting of summary judgments.

■ When, however, a trial court has granted a motion for summary judgment there is a presumption that the ruling is correct. In order to secure a reversal of the judgment based upon such an order the appellant must show that there is material in the record which, under pertinent legal authorities, renders the summary judgment improper.

■ In view of the totally inadequate record presented to us, as well as the fact that the appellant has not discussed the facts going to the merits of the case which he claims require a denial of the motion, and has failed to cite a single authority dealing with damage suits of the type involved herein, this court cannot properly review the trial court's ruling on the merits of the summary judgment motion.

Error in the granting of the motion for summary judgment has not been shown by

appellant who has the burden in this respect.

The final error assigned pertains to the denial of a jury trial on the counterclaim.

On February 25, 1963 the plaintiff filed a motion to set and certificate of readiness, demanding a trial by jury, and the case was originally set for trial by jury on June 25, 1963. Rule 39, Arizona Rules of Civil Procedure, specifically provides that when a trial by jury has been demanded the trial *shall* be by jury unless:

"1. The parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury, or

"2. The court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist."

Rule 80(d), Arizona Rules of Civil Procedure, provides:

"No agreement or consent between parties or attorneys in any matter is binding if disputed, unless it is in writing, or made orally in open court, and entered in the minutes."

We have carefully examined the transcript of proceedings had before Judge Farley on June 26, 1963. It is noteworthy that neither the word "waive" nor the word "jury" appears anywhere in this transcript. The judge asked whether the plaintiff would stipulate that "the question of damages will be resolved by me" and had the plaintiff clearly asquiesced therein it could be held to be a waiver of jury trial. However, we do not find that the plaintiff so acquiesced.

The judgment signed on July 17, 1963 recited that the trial would be before the court without a jury. This form of judgment had been served upon plaintiff before it was submitted to the judge for signature and the discussion at the time the court approved this form of judgment was recorded. In this discussion the plaintiff objected to the trial of the matter without a jury. The objection was overruled and the judgment was signed as above indicated.

Even in an equity case a jury may be demanded, although the verdict is only advisory. The plaintiff was entitled as a matter of constitutional right to have a jury decide the issues of his liability and of the amount of damages unless he waived that right in the manner prescribed by law.

The rules of civil procedure as above quoted are very explicit in requiring that the waiver be made in open court and entered in the record and the general rule as to stipulation requires an entry in the clerk's minutes. There has not been shown either a waiver in open court or an entry of record.

The record discloses that the trial judge recalled a conference with the plaintiff wherein he waived the jury. This is legally insufficient. The rules are designed to put such important matters beyond a question of recollection.

There remains, however, another matter to be considered. The plaintiff went to trial on December 3, 1963 without again demanding trial by jury. The defendants have cited two cases, Johnson v. Neel, 123 Colo. 377, 229 P.2d 939 (1951) and Hernandez v. Light Pub. Co., Tex.Civ.App., 245 S.W.2d 553 (1952), to the effect that even though a demand for jury is in the file, if the parties proceed without bringing it to the attention of the court and without objecting to trial without a jury, the jury is waived.

The doctrine appears sound but is inapplicable to the present case. The trial court by its judgment of July 17, 1963 affirmatively denied the plaintiff a jury trial upon the counterclaim. If this judgment was wrong in that respect, and we so hold, the plaintiff was not required to re-demand trial by jury or make further objections.

The judgment of the trial court insofar as it grants summary judgment against the plaintiff upon his complaint is affirmed and insofar as it renders judgment against the

plaintiff upon the counterclaim is reversed and remanded for a new trial.

The temporary injunction granted by the trial judge by stipulation on July 17, 1963 will remain in full force and effect pending the new trial unless modified by the trial court.

HATHAWAY, J., and E. D. Mc-BRYDE, Superior Court Judge, concur.

NOTE: Judges HERBERT F. KRUCK-ER and JOHN F. MOLLOY having requested that they be relieved from consideration of this matter, Judges JOHN A. McGUIRE and E. D. McBRYDE were called to sit in their stead and participate in the determination of this decision.