474 P.2d 35

Morris A. HERRING, individually and as State Treasurer of the State of Arizona, Appellant,

v.

RAILWAY EXPRESS AGENCY, INC., Appellee.

No. 1 CA–CIV 1199.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 9, 1970.

Gary K. Nelson, Atty. Gen., by Leonard M. Bell, Asst. Atty. Gen., for appellant.

Fennemore, Craig, von Ammon & Udall, by Philip E. von Ammon, Phoenix, for appellee.

KENNETH C. CHATWIN, Superior Court Judge.

The adequacy of an affiavit in opposition to a Motion for Summary Judgment is tested in this appeal from the granting of the Motion by the Superior Court of Maricopa County.

Plaintiff-appellee, RAILWAY EXPRESS AGENCY, INC., (hereinafter referred to as REA) is a corporation engaged in the business of an express company as defined in A.R.S. § 42–721, subsec. 2.[1] Its business is conducted in both interstate and intrastate commerce in and across many states including the State of Arizona.

Pursuant to A.R.S. § 42–725, REA paid defendant-appellant, STATE TREASURER, a tax of 6% of the amount of REA's gross receipts for the year ending June 30, 1968. A.R.S. § 42–725 provides that the tax collected thereunder "shall be in lieu of all other taxes upon the properties of such (express) companies."

Subsequent to the above payment of the in lieu tax the State Tax Commission levied

---

[1]. ARS § 42–721, subsec. 2:
   " 'Express Company' means any person engaged in conveying to, from, within or through the state, money or articles by express."

an ad valorem tax of $10,940 on the railroad cars owned by REA pursuant to A.R.S. § 42–741 et seq. dealing with "private car companies."[2] REA paid the full amount of the tax under written protest and thereafter filed this action in Superior Court praying for judgment in the amount of the taxes paid plus interest.

Count I[3] of REA's complaint alleged that the levy pursuant to A.R.S. § 42–741 et seq. was in contravention of A.R.S. § 42–725. The answer of appellant admitted that REA was in the business of an express company as described in A.R.S. § 42–721, but denied that the levy and assessment certing affidavit wherein it was stated:

After the State filed its answer REA moved for summary judgment based upon the pleadings but without supporting affidavits. The appellee filed a contravening affidavit wherein it was stated:

"[t]hat the Arizona Department of Property Valuation * * * received information which gave the Department reason to believe that (REA) was involved in operation as a private car company in Arizona."

One day before oral argument on the motion, REA filed the affidavit of its regional manager who stated on personal knowledge that the rail cars belonging to REA upon which the State Tax Commission levied the ad valorem tax in question were employed by REA in the performance of services rendered by that company operating as an express company. He further stated that "(n)one of the cars were operated by (REA) as a private car company nor were any of said cars not used by (REA) in the performance of its express company carrier operations."

REA's Motion for Summary Judgment on Count I was granted and this appeal followed.

■ Appellant first urges on appeal that the trial court erred in considering the affidavit filed by REA one day before the hearing on the motion for summary judgment. Under the facts in this case we disagree. While Rule 56(a), Rules of Civil Procedure, 16 A.R.S. (1956) provides that a claimant may move for summary judgment with or without supporting affidavits and Rule 56(c) Rules of Civil Procedure, *supra,* provides that the *motion* for summary judgment be served at least ten days before the time fixed for the hearing, it is apparent that the rules intend if affidavits are to be filed in support of the motion for summary judgment that they be attached and served with the motion. See Rule 6(c), Rules of Civil Procedure. However, the ten day notice provision is not jurisdictional and may be waived by failure to timely object or to ask for a continuance. Hale v. Brown, 84 Ariz. 61, 323 P.2d 955 (1958).

■ If the filing of the affidavit one day prior to the hearing on the motion surprised or prejudiced the appellant he should have applied to the trial court for a continuance. Cf. Pitzen's Wig Villa v. Pruitt, 11 Ariz.App. 332, 464 P.2d 652 (1970). No such application was made. In fact appellant in oral argument before this court indicated that there was not even an objection made at the hearing on the motion concerning the trial court's consideration of REA's affidavit. Under these circumstances we hold that the trial court properly considered the REA affidavit.

2. A.R.S. § 42–741, subsec. 3 defines a private car company as follows:

"* * * [A] person engaged in the business of operating, furnishing or leasing cars, whether or not owned by such person and regardless of what name is applied to such cars, to be used for transporting or accommodating persons or freight over railroad lines, located wholly or partly within the state, not owned, leased or operated by such person."

3. REA's complaint set forth alternative claims designated Count I and Count II. The motion for summary judgment and this appeal are directed only to the claim set forth in Count I.

The appellant next argues that REA is operating both an express company business and a private car business and that the state is seeking to levy ad valorem taxes only upon those railroad cars which REA exclusively uses in its private car company operation. However, the only affidavit offered by the appellant concerning the dual business operation of REA was made on information and belief and set forth no specific facts on which the affiant based his conclusion. Rule 56(e) Rules of Civil Procedure, 16 A.R.S. (Supp. 1969–70) states, in mandatory language, that opposing affidavits be made on *personal knowledge* setting forth *facts* which would be admissible in evidence and affirmatively showing that the affiant is competent to testify to the matters stated in the affidavit. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). The content of the appellant's affidavit clearly shows that it does not comply with Rule 56(e) and therefore cannot be considered in determining whether there was a genuine issue of material fact. Cf. Dewey v. Clark, 86 U.S. App.D.C. 137, 180 F.2d 766 (1950).

On the other hand, REA's affidavit in support of its motion is made on the personal knowledge of the affiant and complies in every other way with the requirements of Rule 56(e).

Based on the affidavit of REA and the pleadings, and disregarding appellant's opposing affidavit as we must, there is no issue of fact raised concerning the dual business operation of REA. The only question remaining is whether, as a matter of law, REA is entitled to judgment.

The undisputed facts show that for the tax year in question, REA was engaged in business solely as an express company and as such paid taxes pursuant to A.R.S. § 42–725 wherein such taxes are expressly made "in lieu of all other taxes upon the properties of such companies." Under these facts the additional levy of the ad valorem tax on the REA's railroad cars under the private car line provisions of the statute was clearly in violation of the express "in lieu" provisions of A.R.S. § 42–725.

The posture of this case presented the trial court with no alternative other than to grant summary judgment for the REA.

Judgment affirmed.

JACOBSON, Acting P. J., and HAIRE, J., concur.

NOTE: Judge WILLIAM E. EUBANK, having requested he be relieved, The Honorable KENNETH C. CHATWIN, Judge of the Superior Court of Maricopa County, was called to sit in his stead.