486 P.2d 816

Gerald A. WILSON and Gloria Gene Wilson, husband and wife, Appellants,

v.

SAVON STATIONS, INCORPORATED, a corporation et al., Appellees.

No. 1 CA–CIV 1547.

Court of Appeals of Arizona, Division 1.

July 14, 1971.

George W. Oglesby, Phoenix, for appellants.

Tanner, Jarvis, Owens & Hoyt, by Robert F. Owens, Phoenix, for appellees.

HOWARD, Judge.

This is an appeal from a summary judgment entered in favor of the defendants in a suit against them to recover the sum of $3,500, damages allegedly sustained by virtue of the termination of a sub-lease of certain real property. Plaintiffs contend that on the state of the record existing at the time the motion for summary judgment was presented, it was error to grant the motion. They also complain of the fact that the hearing on the motion and the ruling thereon occurred on May 20, 1970, whereas the motion for summary judgment had not been mailed to their counsel until May 12, 1970, thus not comporting with the time requirements enunciated in Rule 56(c), A.R.C.P., 16 A.R.S. They argue that the matter "could not have been legally heard until May 25, 1970." We have held that the ten-day notice provision of this rule is not jurisdictional and, in the absence of a showing of prejudice, such error is harmless. Mozes v. Daru, 4 Ariz.App. 385, 420 P.2d 957 (1967). We find a complete absence of prejudice as the record reflects that the trial court afforded the plaintiffs an op-

portunity to present, via oral testimony, their opposition to the motion.[1]

The record discloses the following undisputed facts. On or about March 1, 1967, the owners of the property located at 721 South 19th Avenue, Phoenix, Arizona, entered into a lease agreement of the property with Savon Stations, Inc. This lease provided for a leasehold of ten years commencing April 1, 1967, and for termination in the event of default as to rental payments and/or failure to comply with other covenants of the lease. It also contained a provision prohibiting assignment of the lease, in whole or in part, but granted the lessee the right to sublease the premises or any part thereof except that the lessee would not be relieved of its obligations thereunder.

On January 22, 1969, a lease of the subject property was executed between Arizona Oil Company, Inc.,[2] as lessor and the plaintiff-husband as lessee for a period of five years commencing January 22, 1969, at a monthly rental of $200 per month payable in advance on the first day of each month. The printed portion of the lease also provided:

"12. BASE LEASE. Upon expiration or sooner termination of any lease (hereinafter called the 'base lease') on which the Lessor's estate or interest in the service station may be dependent, this Lease shall likewise terminate and such termination shall be without liability on the part of Lessor. Nothing herein contained shall require Lessor to extend the term of said base lease."

An additional typed-in paragraph provided:

"17. Lessor hereby acknowledges the receipt of $3,500.00 upon the execution of this lease *as a consideration for entering into this service station lease* with

lessee for a term of 5 (five) years from date at a rental of $200.00 per month as indicated in paragraph 3–B.

It is mutually understood between the parties hereto that the said $200.00 per month shall constitute the entire rental payment and there shall be no additional gallonage rental." (Emphasis supplied).

Arizona Oil made the rental payments required of it under the base lease from January 27, 1969 through April 1, 1969, after which it ceased making payments. As a consequence, the owners declared the base lease terminated which resulted in a termination of the 1969 sub-lease.[3]

Plaintiffs do not dispute that the forfeiture of the base lease terminated all rights under the sub-lease. See 49 Am.Jur.2d Landlord & Tenant, § 511. Their position, however, both in the trial court and on appeal, was that they were entitled to recover a pro-rata share of the $3,500, i. e. 57/60 thereof. In other words, the $3,500 "deposit" which had been paid to Arizona Oil was advance payment of rent and that when the consideration therefor failed they were entitled to restoration of the advance payments. We do not agree with this position.

Paragraph 17, supra, expressly recites that "entering into" the lease was the consideration for the $3,500. It did not additionally provide that the leasehold would last for the designated five-year period. In fact, paragraph 12 of the lease, as set forth above, specifically recognized that termination might occur prior thereto, i. e. upon termination of the base lease.

The subject lease must be construed as a whole and each part must be read in the light of all other parts. C. & T. Land & Development Co. v. Bushnell, 106 Ariz. 21, 470 P.2d 102 (1970). Ambiguity exists

---

1. May 20th, the date of the hearing, was the date set for trial and therefore the parties to the litigation were present in court.

2. According to plaintiffs-appellants' opening brief, the 1967 lease was transferred to Arizona Oil by mesne assignments.

3. Although not material to the disposition of this case, the record reflects that the plaintiffs' possession was not terminated and a new lease agreement was entered into between them and the owners for a period of five years beginning on July 1, 1969 at a monthly rental of $200.

only when a contract, *taken as a whole*, is reasonably subject to two different interpretations. Mays v. Middle Iowa Realty Corp., 202 Kan. 712, 452 P.2d 279 (1969); Williams v. Insurance Company of North America, 150 Mont. 292, 434 P.2d 395 (1967). Courts should not read an ambiguity into a contract where it can reasonably be avoided by reading the contract as a whole. Grant County Constructors v. E. V. Lane Corp., 77 Wash.2d 110, 459 P.2d 947 (1969). Reading this lease as a whole, as is our duty, we conclude that the parties intended the $3,500 to be consideration to the lessor for *execution* of the five-year lease.

Money paid to a lessor as consideration to the lessor for execution of a lease belongs to the lessor and title thereto passes when the lease is executed. Grand Central Public Market v. Kojima, 11 Cal.App.2d 712, 54 P.2d 786 (1936); Curtis v. Arnold, 43 Cal.App. 97, 184 P. 510 (1919); Ramish v. Workman, 33 Cal.App. 19, 164 P. 26 (1917); L. B. Menefee Lumber Co. v. Abrams, 138 Or. 263, 5 P.2d 709 (1931); J. & J. Food Centers, Inc. v. Selig, 76 Wash.2d 304, 456 P.2d 691 (1969); Dutton v. Christie, 63 Wash. 372, 115 P. 856 (1911). A lease is a sufficient consideration for the payment of money. Dutton v. Christie, supra. Since there was no dispute as to whether or not the lease was executed, the plaintiffs having admitted same, their "failure of consideration" theory failed. There being no material issue of fact and defendants being entitled to judgment as a matter of law, the motion for summary judgment was properly granted.

Judgment affirmed.

KRUCKER, C. J., concurs.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

HATHAWAY, Judge (dissenting).

The majority emphasized words in a portion of the first sentence of paragraph 17 indicating the $3,500 consideration was paid for "entering into this service station lease * * *." They ignore the rest of the sentence "* * * with lessee for a term of 5 (five) years * * *." In determining the meaning and legal effect of an agreement, the transaction must be considered as a whole and the meaning to be given a particular word, phrase, or sentence frequently cannot be determined without its context. Restatement of Contracts § 235(c) (1932). Reading the complete sentence, I find paragraph 17 susceptible to the interpretation that the $3,500 was consideration for something more than the mere execution of the lease, i. e., for entering into a lease with plaintiff which was to last uninterrupted for a five year term. The provision is ambiguous and a question of fact exists as to the intention of the parties with reference to the five year term specified. Since paragraph 17 was specifically typed into the form lease, we cannot presume that this portion of the sentence was mere surplusage. Furthermore, the printed paragraph 12 must yield to the typed provision of paragraph 17. Restatement of Contracts § 236(e) (1932).

At the hearing on the motion for summary judgment, the following testimony of the plaintiff was given which further points to the existence of a genuine issue of material fact. Plaintiff was asked what his total lease payment was on the station for the five year period, to which he responded:

"A  The total would be like I said before, $3,500 plus $200 a month rent payments for five years and then at the end of five years if I wanted it again, then it would be another $3,500.

*  *  *  *  *  *

Q  BY MR. OGLESBY: All right. Did you have any discussion with regard to a term after the term covered by this lease?

A  BY THE WITNESS: We had a discussion, that's when he told me that it would cost me another $3500.

Q  Plus $200 a month?

A  Plus the $200.

Q  Each successive—

A  Each five years would be another $3500.

Q  The successive five year term would be $15,500?

A  Right.

Q  Same as this term?

A  Right.

Q  All right. Was the $3500 paid as anything other than rental payments?

A  No. That's a rental payment.

Q  Is that what you considered it as?

A  Right."

The purpose of summary judgment is not to decide an issue upon the merits, but to discern whether a genuine issue of material fact exists. Nielson v. Savoy, 105 Ariz. 325, 464 P.2d 608 (1970). I believe a genuine issue of material fact exists and that the judgment should be reversed.