509 P.2d 646

**James Wesley YOUNG, Appellant,**

**v.**

**Douglas L. PEACOCK and William Anderson, Appellees.**

**No. I CA–CIV 1842.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 3, 1973.

Review Denied June 5, 1973.

George W. Oglesby and R. C. Dawes, Phoenix, for appellant.

Collins & Harper, by Kenneth A. Harper, Phoenix, for appellees.

JACOBSON, Chief Judge, Division 1.

Appellant by this appeal contends the trial court improperly granted summary judgment against him, asserting that the plaintiff was not entitled to judgment as a matter of law and that the trial court abused its discretion in failing to grant a continuance of the hearing on the summary judgment motion.

On April 23, 1971, appellees Douglas L. Peacock and William Anderson, attorneys at law, filed an action against their former client, appellant James Wesley Young, seeking a judgment for attorney's fees purportedly earned in the sum of $30,521.54. This complaint was verified and contained the operative allegation that:

"The defendant is indebted to the plaintiffs upon a written contract for legal services rendered at the request of the defendant in the sum of $30,521.54."

The defendant filed an unverified answer denying this allegation.

On June 1, 1971, appellees served a motion for summary judgment, noticing it for hearing on June 14, 1971. The motion for summary judgment, by way of a "Memorandum of Points and Authorities" attached thereto, alleged the existence of a written retainer contract signed by the appellant (a copy of which was attached to the motion) by which appellees agreed to represent the appellant in certain litigation instituted by Dynapower Systems Corporation (Dynapower) seeking to collect from appellant personally on a promissory note in the sum of $81,914.07 and to seek damages on behalf of appellant from Dynapower for breach of a contract dated March 31, 1969, between these parties. The compensation to be paid appellees under the retainer contract was "[t]he sum of one-third (1/3) of the gross amount recovered in processing the claim against Dynapower Systems Corporation for

breach of the contract of March 31, 1969. And in the event the damages James Wesley Young has sustained are offset against the amount due Dynapower Systems Corporation on the promissory note of $81,914.07, then attorneys shall be entitled to one-third (1/3) of such amount."

The "Memorandum of Points and Authorities" also alleged that the litigation instituted by Dynapower was dismissed with prejudice by stipulation and the personal note of appellant was returned and cancelled. (A copy of the order and stipulation for dismissal of the Dynapower litigation together with a copy of the cancelled note were attached to the motion for summary judgment.) The allegations contained in the "Memorandum of Points and Authorities" were not in affidavit form and did not comply with Rule 56(e), Rules of Civil Procedure, 16 A.R.S.

On the date set for the hearing on the motion for summary judgment appellant appeared with counsel different from that who had filed his answer and moved for a continuance of the hearing based on the inability of new counsel to prepare properly for the hearing. Counsel at this time did not question the timeliness of the hearing. A motion to allow new counsel for appellant to be substituted for old was made and granted, but appellant's motion for a continuance was denied. After hearing oral argument, in which appellant personally addressed the court, the trial court granted appellees' motion for summary judgment primarily on the basis that appellees' complaint was verified, while appellant's general denial answer was not. The trial court's order provided, however, "[t]hat the formal written judgment presented to the court at this time will not be signed until Friday, June 18, 1971, to give the Defendant an opportunity to file written objections to the entry of judgment on or before June 17, 1971."

Objections in the form of an affidavit by the appellant were duly filed contending in essence that since he actually received no monies as a result of the dismissal of

the Dynapower litigation, under the terms of the retainer contract appellees were not entitled to any compensation thereunder. Thereafter, the judgment was signed. On July 7, 1971, appellant filed, through still another attorney, a motion to vacate the entry of summary judgment against him, based primarily on the untimeliness of the hearing on the motion for summary judgment and on the failure of the trial court to grant a continuance of that hearing. This motion was denied, and this appeal followed.

On appeal, the appellant raises two issues:

(1) Was the setting of the hearing on the motion for summary judgment premature or in the alternative did the trial court abuse its discretion in failing to grant a continuance of that hearing?

(2) Were appellees entitled to summary judgment as a matter of law?

■ Under appellant's first argument he cites Rule 56(c) and Rule 6(e), Rules of Civil Procedure, for the proposition that the hearing held on June 14, 1971, a Monday, was untimely. In this case the record reflects that appellees mailed a copy of the motion for summary judgment to appellant's then counsel of record on June 1, 1971, and filed the motion in court on June 2, 1971. While the pertinent portion of Rule 56(c) provides "the motion shall be served at least ten days before the time fixed for the hearing," appellant argues that Rule 6(e) enlarges that time by providing that where service is made by mail three days shall be added to that ten-day period thus allowing him a total of 13 days to file controverting affidavits to the motion for summary judgment. We agree that appellant is correct in his time computations and that the 13th day after mailing the notice of hearing fell on June 14, 1971, the exact day set for the hearing. It would thus appear that the hearing held on June 14, 1971, was actually premature. While violation of the ten-day notice provision is not jurisdictional, Wilson v. Sa-

von Stations, Inc., 15 Ariz.App. 136, 486 P.2d 816 (1971), failure to grant a requested continuance on the basis that the opposing party needs additional time to prepare is error where the hearing is held in violation of that rule. See, Mozes v. Daru, 4 Ariz.App. 385, 420 P.2d 957 (1966); Herring v. Railway Exp. Agency, Inc., 13 Ariz.App. 28, 474 P.2d 35 (1970).

■ In this case, appellees' counsel was aware that the attorney who prepared appellant's answer was representing the appellant for a limited purpose only—preparation of the answer—and did not intend to defend the action on its merits. The defendant personally became aware of the pending summary judgment proceedings on June 11, 1971, a Friday, three days prior to the hearing on that motion. On Saturday, June 12, 1971, the appellant obtained another attorney to represent him at the hearing of that motion and that attorney appeared at the hearing and requested a continuance based upon his inability to prepare properly. Considering that the hearing was premature and all the other circumstances, we are of the opinion that the court abused its discretion in not granting the requested continuance and, for this reason, the granting of the motion for summary judgment must be set aside.

Because we set aside the summary judgment we need not reach the issue raised by the appellant that the granting of the motion was improper as a matter of law. We point out, however, that appellees' motion did not comply with Rule 56(e), Rules of Civil Procedure in that it was not supported by affidavits and assuming that this defect was cured by oral admissions of the appellant, there was no evidence presented which would justify the granting of judgment in the amount shown. We do not mean to intimate that, upon a proper motion supported by proper affidavits both as to the factual basis for the fee and as to the amount thereof, appellees may not be entitled to summary judgment. We merely hold that the procedural posture in which this matter was presented to the trial court

precluded its granting of the motion at that time.

Judgment reversed and remanded for further proceedings.

EUBANK, P. J., and HAIRE, J., concur.