569 P.2d 290

**George NACKARD and B. B. Bonner, Jr., Appellants,**

**v.**

**Clifford L. WOLFSWINKEL and Eleanor M. Wolfswinkel, his wife, the heirs and assigns of Clifford L. Wolfswinkel and Eleanor M. Wolfswinkel, his wife, and North Star Development Corporation, an Arizona Corporation, the successors and assigns of North Star Development Corporation, an Arizona Corporation, Appellees.**

**No. 1 CA–CIV 2953.**

Court of Appeals of Arizona, Division 1, Department B.

July 28, 1977.

Rehearing Denied Aug. 26, 1977.

Review Denied Sept. 27, 1977.

Rawlins, Ellis, Burrus & Kiewit by William H. Burrus, Phoenix, for appellant Nackard.

Stevenson, Warden, Smith & Brooks by Jerry L. Smith, Flagstaff, for appellant Bonner.

Burns, Ferrin & Ehrenreich by F. Britton Burns, J. Scott Burns, Arthur D. Ehrenreich, Phoenix, for appellees Wolfswinkel.

Levin B. Ferrin, Phoenix, for appellee North Star.

## OPINION

SCHROEDER, Presiding Judge.

In this appeal from an extensive trial to the court in a complex real estate matter, the sole question presented is whether, after appellants had requested a jury trial pursuant to Rule 38, Arizona Rules of Civil Procedure, there was any sufficient waiver of a jury trial under Rule 39, Arizona Rules of Civil Procedure.

Appellants, who were the defendants below, filed a motion to set coupled with a request for jury trial on October 2, 1972. In December 1972, there was a conference of all counsel with the court. The only record of that conference is a minute entry stating in pertinent part that the case would be tried to the court in May of 1973, and specifying the dates of trial.

In February 1973 there was a further conference of counsel with the court. The resultant minute order granted counsel leave to demand a jury trial in their pre-trial memoranda and stated that if no such demand were made, any later demand for a jury would be denied as untimely. The parties did file pretrial statements, but they contained no written request for jury trial.

A pretrial conference on April 23, 1973 resulted in a lengthy pretrial order issued by the judge in early May 1973. That order reflects that the appellants orally requested a jury trial at the pretrial conference, but the request was denied. The judge's pre-

trial order recited that the reason for the denial was the fact that at the conference in February, counsel had agreed that the trial would be to the court unless a written request was made in the pretrial submissions. Appellants made no objection to the statement contained in the pretrial order, nor did they make any further request for a jury either before or at the time of trial. Appellants' motion for new trial did include, however, a claim that the jury had been improperly denied.

Rule 39(a)(1) provides that when, as here, there has been a request for jury trial filed with the motion to set, the trial may be set to the court only with the express consent of the parties:

"39(a) Trial by jury. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless:

"1. The parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury . . . ."

In this case there was never any written stipulation filed with the court. The question becomes whether there was a sufficient oral stipulation entered in the record to satisfy the requirements of the rule.

[1] It is evident that there was an oral stipulation to a court trial at the December conference, and a further stipulation at the February conference to a court trial unless there was a further written request as specified in the minute entry. Appellants correctly point out, however, that neither minute entry of these conferences reflects any express stipulation. In and of themselves, these minute entries are insufficient to show an oral stipulation "entered in the record" as required by law. *See Mozes v. Daru*, 4 Ariz.App. 385, 391, 420 P.2d 957, 963 (1967).

However, the judge's pretrial order issued in May 1973 purports to state as a matter of record the oral agreement reached in February. Unlike the situation in *Mozes v. Daru, supra*, in which the judge recalled a conference with the plaintiff wherein he waived the jury, the judge here entered the prior waiver on the record after a lengthy pre-trial conference at which he reviewed with counsel the events transpiring at the earlier conferences. If the appellants believed that statement to be in error, it was incumbent upon them to object to that portion of the order as not reflecting the facts. They did not do so. The purpose of the rule requiring that a waiver be entered in the record is to furnish record evidence of a consent which would otherwise rest on parol proof. *See Ford v. Palisades Corp.*, 101 Cal.App.2d 491, 225 P.2d 545 (1950); *Greenstone v. Claretian Theological Seminary*, 158 Cal.App.2d 493, 322 P.2d 482 (1958). While it would have been better practice for the trial court to have made a more contemporaneous record of the agreements reached in the various conferences with counsel, we conclude that this record taken as a whole does show appellants' agreement in a manner sufficient to constitute a waiver of jury trial.

Affirmed.

EUBANK and HAIRE, JJ., concur.